## JOHNSON vs. THE STATE.

1. A room in the second story of a two-story house, which is accessible only by means of a flight of steps leading up to it on the outside, and which is used by one of the proprietors of the house as a sleeping apartment, the lower room being used by the proprietors for retailing spirituous liquors, is within the prohibition of the statute against gaming at any store-house for retailing spiritous liquors, or house or place where spirituous liquors are retailed or given away.

ERROR to the Circuit Court of Barbour. Tried before the Hon. John D. Phelan.

P. T. SAYRE, for plaintiff in error.

ATTORNEY GENERAL, for the State, cited The State v. Terry et al. 4 Dev. & Bat. 186, and Commonwealth v. Saunders, 5 Leigh, 751.

CHILTON, J.—The defendant was indicted and convicted of playing at cards under the 8th section of the 6th chapter of the penal code, which provides that " if any person shall play at any tavern, inn, store-house for retailing spirituous liquors, or house or place where spirituous liquors are retailed or given away," &c., such person, on conviction, shall be fined, &c. The indictment contains two counts; one charges the playing at a store house for retailing spirituous liquors, the other count is for playing in a place where such liquors were retailed.

The proof was that the proprietors of the establishment for retailing had procured a house containing two rooms, one above, which was accessible only by means of a flight of steps leading up from without, which was used by one of the proprietors as a bed room, and the other, or lower room, was that in which the spirituous liquors were retailed. The playing took place in the upper room. And the question is, must we consider it within the prohibition of the statute?

We are of opinion that it comes both within the letter and the spirit of the prohibition. The upper story not only constituted a part of the house, but was used by the proprietors as an appendage to the prosecution of their business. We think the obvious design of the statute would be defeated, if parties could

evade the law by playing in a room other than that in which the retailing is carried on, but which constitutes a part of the same house, and is used by the same concern in the prosecution of their business.

The case in 5 Leigh 751, clearly shows that the party was properly convicted in this case. The object of the statute was not only to suppress the evil practice of gaming, but to disconnect it from tippling shops and houses where ardent spirits are retailed; and whether the gaming takes place in the room where the retailing is carried on, the one in which the parties keep their books, or that in which they or their clerks sleep, if connected with the same establishment and constituting an appendage, the party playing is equally guilty. No other construction could give effect to the statute, or prevent such evasions as would render it wholly inoperative.

Judgment of conviction affirmed.