# Wait *v.* The State.

### *Indictment for Burglary.*

1. *Outhouse within curtilage of dwelling-house.*—A conviction may be had for burglary (Code, § 3786) in breaking and entering, with intent to steal, a smoke-house in which meat, corn, &c., is kept for family use, and in which meat is sometimes smoked, although it is distant from the dwelling-house about forty yards, and is not inclosed by the same fence. On these facts, if the court can not, as matter of law, hold that the building is within the curtilage of the dwelling-house, the jury may so find as matter of fact.

FROM the Circuit Court of St. Clair.
Tried before the Hon. LEROY F. BOX.

M. M. SMITH, for appellant.

WM. L. MARTIN, Attorney-General, for the State, cited 1 Whart. Crim. Law, §§ 781–83 ; *Ivey v. State*, 61 Ala. 58; *Washington v. State*, 82 Ala. 31 ; *Cook v. State*, 83 Ala. 62 ; 3 Amer. St. Rep. 688 ; 31 Maine, 523 ; 24 Ark. 44; 81 Amer. Dec. 60, n. 67.

McCLELLAN, J.—The appellant was indicted, tried and convicted on a charge of breaking into and entering, with intent to steal, "a smoke-house, a building within the curtilage of the dwelling-house of Mrs. Varina Inzer, in which merchandize, meat, provisions, things of value, were kept for use, sale or deposit, &c.; the indictment being drawn under section 3786 of the Code, which declares the breaking and entering, with intent to steal, any "dwelling-house, or any building, structure, or inclosure within the curtilage of a dwelling-house, though not forming a part thereof," burglary. The evidence as to the character of the house broken into and its connection with the dwelling-house was to the effect, that it was the smoke-house of Mrs. Inzer ; that she had no other smoke-house, and that her supply of meat was in this house when it was broken into, and she kept it there for use. The building was about forty yards from the dwelling-house, and not within the same inclosure as the dwelling-house; that it had at one time been used by Mrs. Inzer's husband "as a doctor shop," but for the last two or three years she

had used it for the purpose of keeping her meat, corn, cotton-seed and other plunder stored. "There was a partition in the building, and in one end she kept her corn and cotton-seed, and in the other end she kept her meat and some plunder; and the end of the building where her meat was kept was where the alleged breaking was done. There was a door in said partition, and meat had been smoked in said building."

The only question presented for our consideration arises on the refusal of the trial court to give five several charges requested by the defendant, each one of which asserts, or proceeds on the theory, that there was no evidence in the case tending to show that the building broken and entered was a smoke-house "within the curtilage" of Mrs. Inzer's dwelling-house. A "smoke-house" is defined to be "a build-ing in which meats or fish are cured by smoking; also, one in which smoked meats are stored."—Century Dictionary, 5719. And this definition is aptly illustrated by a quotation from Irving: "I recollected the *smoke-house*, an outbuilding appended to all Virginian establishments for the smoking of hams and other kinds of meats." The term in common parlance, we feel safe in saying, embraces any out-building, appended to a dwelling, in which the family supply of meat is habitually kept and stored for use, and where meat may be smoked when necessary. Certainly the evidence here tends, at least, to show that the house broken into was of this character. It is equally clear, we think, that the jury had a right to conclude from the uses of this smoke-house as an appendage of the dwelling, and its propinquity thereto, that it was within the curtilage thereof, notwithstanding it was not within the same inclosure.—*Cook v. State*, 83 Ala. 62.

These considerations will suffice to justify the action of the trial court in refusing each of the charges requested by the defendant. We may add that, on the evidence adduced, we should be much inclined to hold, *as matter of law*, the facts being undisputed, that the house broken into was within the curtilage of Mrs. Inzer's dwelling, if the question was presented in that form.

Affirmed.