# Jefferson *v.* The State.

### Indictment for Larceny from a Store-house.

1. *Section 3789 of the Code; definition of store-house.*—A store-house within the meaning of § 3789 of the Code is "a house in which things are stored; a building for the storing of grain; food-stuffs or goods of any kind, a magazine, a repository, a warehouse, a store."

2. *Same; conviction for grand larceny can only be supported where the building was in use at the time as a store.*—A conviction for grand larceny cannot be had under an indictment based on § 3789 of the Code unless the house or building in which it is charged the defendant committed the larceny was a store-house when the alleged crime was committed, whatever may have been the use for which it was constructed; it is indispensable to a conviction of the higher grade of the crime that at the very time it was committed the building should have been in use as a store-house.

3. *Same; general charge.*—Where under an indictment under § 3789 of the Code there are two counts, both charging larceny from a store-house, the evidence shows that the building in which the larceny is chaged to have been committed, although constructed for a store-house, was at the time the offense was committed in use, in part, by a firm engaged in the real estate and insurance business, and, in part, by a building and loan association and as a lumber broker's office, and that no goods. wares. merchandise or grain were kept in such building for use, sale or deposit, the general charge asked by defendant should be given.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant was indicted for larceny of money from a store-house. The building in which the larceny was com-

[Jefferson v. The State.]

mitted was at the time occupied and used by the firm of
Chandler & Jones in carrying on a real estate and
insurance business, and by the Standard Building and
Loan Association and also by a lumber broker. No goods,
wares, merchandise or grain were kept in the building for
use, sale or deposit, but the building was constructed for
a store-house. The defendant moved to exclude from the
consideration of the jury the evidence of the witnesses as
to the larceny, on the ground that the place from which the
money was taken was not a store-house as charged in the
indictment. The court overruled the motion and the de-
fendant duly excepted. Two of the witnesses for the State hav-
ing testified that the building was a store-house, the defendant
moved the court to exclude that part of their testimony from
the jury on the ground that it was merely the opinion of the
witnesses, and that the use to which the building was put
showed it was not a store-house. The court overruled this
motion and the defendant duly excepted. The defendant re-
quested the court to give the following charge : "If the jury
believe the evidence they must find the defendant not guilty."
The court refused to give this charge, and to this action of
the court the defendant duly excepted.

JOHN G. FINLEY, attorney for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—Defendant was indicted under section 3789
of the Code of 1886. The indictment has two counts, each
charging larceny of money from a store-house.
Store-house is "a house in which things are stored; a
building for the storing of grain, food-stuffs, or goods of
any kind, a magazine, a repository, a warehouse, a store."
Century Dictionary, Webster's Dictionary, Worcester's Dic-
tionary. This is, in substance, the definition given to the word
store-house in *State v. Sandy*, 3 Ire. law, 570, and in *Ray v.
Com.*, 12 Bush., 397. *Johnson v. State*, 19 Ala., 527, is not
opposed to this view.
The house or building in which it is charged the defend-
ant committed the larceny for which he was indicted, what-
ever may have been the use for which it was constructed,
was in no sense a store-house when the alleged crime was
committed. The statute aggravated the offense and in-
creased the punishment because of the place of its commis-
sion ; and to justify a conviction of the higher grade of the
crime, it was indispensable that at the very time it was com-

[St. Clair v. The State ]

mitted, the building should have been in use as a store-house. The general charge asked by defendant, that if the jury believed the evidence they must acquit him, ought to have been given. There can be no conviction under the indictment as framed, on the testimony shown in this record.

Reversed and remanded.