# Howle v. The State.

### Levying Blackmail.

(Decided August 1, 1916.   Rehearing denied September 7, 1916.
72 South. 759.)

Threats; Blackmail; Evidence.—In view of the provisions of § 6219, Code 1907, in a prosecution for levying blackmail, where defendant is shown to have conspired with another in the commission of the offense, evidence of other similar transactions by the co-conspirator of defendant are admissible as tending to show the character and conduct of the business in which defendant became a partner, notwithstanding defendant was not connected directly with such similar transactions.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WM. E. FORT.

J. T. Howle was convicted of levying blackmail and he appeals.   Affirmed.

(Ed. Note—This cause was reviewed by Supreme Court upon certiorari and the writ denied.   See *Howle v. State*, 198 Ala. 701, 73 South. 1000.)

A. LATADY, for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—There is no material difference in the questions presented on this record and in the companion case of *Jerome S. Brown v. State of Alabama, infra,* 72 South. 757.   On authority of the opinion in that case, the judgment of conviction appealed from is affirmed.—See *Brown v. State, supra.*

Affirmed.

### ON REHEARING.

It is complained on an application for rehearing that this case ought not to be affirmed on the authority of the companion case of *Brown v. State, infra,* 72 South. 757, opinion rendered August 1, 1916.   It is stated that while the cases are similar, they are different in that this defendant was in no way connected with the transactions between Brown and others in the commission of similar offenses; that they were held to be properly admitted

in that case for the purpose of showing the criminal intent and illustrating and giving character to the acts of the defendant. To much of this evidence timely and appropriate objection was not interposed or exception reserved so as to bring the rulings of the trial court on its admissibility before us for review. But, aside from this consideration, and treating the question on its merits, it is shown by the evidence that Brown and the defendant were partners, coconspirators, in the commission of the crime. Section 6219 of the Code makes each conspirator equally guilty if he contributed by word or deed calculated to aid or encourage in the accomplishment of the resulting crime, though not present.—See *Jones v. State,* 174 Ala. 53, 57 South. 31; *Ferguson v. State,* 134 Ala. 63, 32 South. 760, 92 Am. St. Rep. 17; *Talley's Case,* 102 Ala. 69, 15 South. 722; *Martin v. State,* 89 Ala. 115, 8 South. 23, 18 Am. St. Rep. 91. The community of purpose, or conspiracy, need not be, and rarely is, proven by positive testimony.—*Pearce v. State,* 4 Ala. App. 32, 58 South. 996; *Morris v. State,* 146 Ala. 66, 41 South. 274. The testimony complained of as inadmissible related to and had a tendency to show the character and conduct of the business of which this defendant, Howle, became a partner. Its operation was of a continuing nature, and the intent which entered into and prompted the manner of its operation was a material inquiry. Both Howle and Brown are shown to have been connected with the criminal act for which the defendant Howle was tried. In becoming a party to the conspiracy, or business of blackmailing with Brown, similar acts which took place in the operation of the illegitimate business prior to the offense charged shed light on the intent of the parties jointly concerned in the commission of the offense and were admissible for this purpose against Howle, as he adopted all prior acts of his fellow conspirator in promulgating and carrying out the purpose of the conspiracy, "The rule of responsibility for the acts of coconspirators includes acts done before the defendant joined the conspiracy, as well as acts subsequent to his participation."—5 R. C. L. 1064, § 4. This principle is supported by the following authorities: *Jenkins v. State,* 35 Fla. 737, 18 South. 182, 48 Am. St. Rep. 267; *Driggers v. U. S.,* 1 Okl. Cr. Pr. 167, 95 Pac. 612, 129 Am. St. Rep. 823; *Smith v. State,* 46 Tex. Cr. R. 267, 81 S. W. 936, 108 Am. St. Rep. 991.

Application overruled.