(82 South. 574)

MORRIS v. STATE.   (3 Div. 327.)

(Court of Appeals of Alabama. June 3, 1919. Rehearing Denied June 17, 1919.)

**1. RECEIVING STOLEN GOODS ☞8(3) — COMPLICITY IN OFFENSE—SUFFICIENCY OF EVIDENCE.**

The fact that a witness was acting under the direction of another person in hauling quantities of goods from a freighthouse to places not controlled or owned by such person, and delivered them to other parties without asking any questions, was sufficient facts from which a jury could draw the conclusion that the witness was in a conspiracy with the other two, who were stealing such goods.

**2. CRIMINAL LAW ☞510 — ACCOMPLICES — NECESSITY FOR CORROBORATION.**

A conviction for a felony cannot be had on the uncorroborated testimony of three accomplices, under Code 1907, § 7897.

**3. RECEIVING STOLEN GOODS ☞6 — ACCOMPLICES.**

One who hauled goods from a freight depot for another with knowledge that the same had been stolen was an accomplice of both the one who stole the goods and one who received them.

**4. LARCENY ☞27—PERSONS LIABLE.**

The crime of "larceny" is the felonious taking and carrying away of chattels, and every person who, with a guilty knowledge, aids and abets in the taking and carrying, is guilty of larceny and of every crime committed in the furtherance of the common purpose.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Larceny.]

**5. CRIMINAL LAW ☞511(1)—CORROBORATION OF ACCOMPLICE—SUFFICIENCY OF EVIDENCE.**

In a prosecution for receiving stolen goods, evidence in corroboration of accomplice held insufficient to sustain a conviction.

**6. CRIMINAL LAW ☞780(2) — TRIAL — INSTRUCTIONS.**

In a prosecution for receiving stolen goods, where it was a question for the jury whether a witness for the state was an accomplice and there was not sufficient evidence to corroborate such witness, if he was an accomplice, the court did not err in refusing to give the affirmative charge, but did err in refusing to charge that defendant should be acquitted if the jury should find that the witness was an accomplice.

**7. CRIMINAL LAW ☞427(4)—CONSPIRACY—ADMISSIBILITY OF EVIDENCE.**

A wide latitude is allowed in proving conspiracy to commit a crime, extending to everything said, done, or written by any one of the conspirators in the execution or furtherance of their common purpose.

**8. CRIMINAL LAW ☞372(1) — EVIDENCE — OTHER OFFENSES.**

In a prosecution for receiving stolen goods, a conspiracy being charged, it was proper for the court to admit evidence of the delivery of other goods to the defendant, stolen at or about the same time as the goods charged from the same place and by the same parties, and also evidence that other property was stolen from the same place by the same parties at about the same time.

Appeal from Circuit Court; Montgomery County; Leon McCord, Judge.

Walter Morris was convicted of receiving stolen property in value exceeding $25, and he appeals. Reversed and remanded.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

J. Q. Smith, Atty. Gen., and Richard V. Evans, Asst. Atty. Gen., for the State.

SAMFORD, J. [1, 2] The evidence in the case is without conflict that in November or December, 1917, a barrel of sugar weighing about 347 pounds and of the value of about $26 was stolen by one Benjamin from the warehouse of the Western Railway of Alabama, in Montgomery, Ala.; that the sugar was delivered to one Burch, who was a drayman; that Burch hauled it off and disposed of it at the instigation and under the direction of one Upshaw, who was in a conspiracy with Benjamin, whereby Benjamin would steal and Upshaw dispose of the goods and the two would divide the proceeds. It was also undisputed that Benjamin had delivered to Burch other goods at other times, which were loaded on Burch's dray at the warehouse, and that Burch had taken them and disposed of them. These other goods consisted of boxes of shoes, overalls, and a bundle of overalls. In all this thieving, Benjamin, who was a white man, and Upshaw, a negro, used Burch and his dray to convey the goods away from the freighthouse and to dispose of them. The fact that Burch was acting under the direction of Upshaw, another ·negro, in hauling quantities of goods from the freighthouse to places not controlled or owned by Upshaw, and delivering them to other parties, without asking any questions, would certainly be sufficient facts from which a jury could draw the conclusion that Burch, as well as the other two, was in the conspiracy, or that he was particeps criminis with them. That being the law, and it being admitted that Benjamin and Upshaw were guilty and that the crime was a felony, if the jury should believe from the evidence that Burch was also guilty, the defendant could not be convicted on the uncorroborated testimony of either one or all three of the parties above named.

[3, 4] In other words, Benjamin and Upshaw are admittedly guilty of the larceny of the goods charged to have been received by the defendant; if defendant received the goods at all, there is no doubt of his guilt. The fact that defendant did receive the goods rests entirely and solely on the uncorroborated testimony of Burch. If therefore Burch had a knowledge of the fact that the goods were stolen and with that knowledge he aided or abetted in the crime, Burch would certainly be an accomplice of Benjamin and Upshaw, and if, with this guilty knowledge and in the furtherance of the common design, he delivered the goods to defendant, who, the evidence shows, would have been guilty if he received them, Burch would also be an accomplice of defendant in that he was aiding and abetting in the commission of the crime with which he was charged. Besides, the crime of "larceny" is the felonious taking and carrying away of chattels, and every person who, with a guilty knowledge, aids, and abets in the taking and carrying away, is guilty of the larceny and of every crime committed in the furtherance of the common purpose. That is to say, if this defendant received these goods under such circumstances as to make him guilty of receiving stolen property, then Benjamin, Upshaw, and Burch were all equally guilty with him, although they could have been indicted and convicted of the larceny instead of the crime charged against the defendant, and, if Burch had knowledge that the goods were stolen at the time he says he delivered them to defendant, the defendant could not have received them under such circumstances as to be guilty of the crime of which he is charged without Burch being an accomplice. 1 R. C. L. 157.

[5] Burch testified that he delivered the sugar and a box to the defendant; that at another time he delivered to defendant some other goods admitted to have been stolen by the same parties from the warehouse. Yates, a special detective for the Western Railway of Alabama, testifying for the state, stated: That while investigating the cases against Benjamin and Morris, presumably for the purpose of fixing guilt, at some time—he does not say when—he went out to the defendant's little store on West Lee street and found "a box with the name scratched off." What kind of a box, he does not say. That he was with one Curtis and Burch. That Burch stated in defendant's presence that he "carried the box there and

carried a barrel of sugar out there." This was evidently intended by the detective, testifying as a witness, to show an accusation undenied; but on cross-examination the witness admitted that the defendant then and there denied this. If the statement of Burch had remained undenied, it might possibly have been a shadow of evidence corroborating the witness Burch. It was admitted that in the search made of defendant's premises none of the goods alleged to have been stolen were found, and no effort was made to hide or conceal the box. Burch afterwards testified that he carried the box to defendant's place about a week before the sugar was carried; but where he got the box, or what was in it, nowhere appears. The above and foregoing is all of the evidence offered by the state as tending to corroboration of the witness Burch, and we are of the opinion that it does not meet the requirements. If therefore the witness Burch was an accomplice in the crime, i. e., if he knowingly participated in it, and the jury should so find, from the evidence, the defendant would be entitled to an acquittal. Code 1907, § 7897; Moore v. State, 15 Ala. App. 152, 72 South. 597.

[6-8] On the other hand, if the jury believed from the evidence that Burch was an innocent party in the transaction and free from a guilty participation, then the jury would be warranted in convicting the defendant on his testimony without corroboration. For the above reasons the court did not err in refusing to give the affirmative charge as requested by the defendant, but did err in refusing to give charge eight as requested. A wide latitude is allowed in proving conspiracy, extending to everything said, done, or written by any one of the conspirators in the execution or furtherance of their common purpose. De Bardeleben v. State, 77 South. 979;[1] Sellers v. State, 98 Ala. 72, 13 South. 530; Stanley v. State, 88 Ala. 154, 7 South. 273; Howie v. State, 15 Ala. App. 185, 72 South. 759; Underhill, Crim. Evidence, § 89. Therefore it was proper for the court to admit evidence of the delivery of other goods to defendant, stolen at or about the same time as the goods charged and from the same place and by the same parties. And the fact that other property was stolen from the same warehouse, by the same parties, at about the same time, was also competent and relevant; the whole forming a part of the general conspiracy. Whitehead v. State, 16 Ala. App. 427, 78 South. 467.

The other rulings of the court on the admission of evidence were without error. It was shown without dispute and without objection that the sugar was taken from the possession of the Western Railway of Alabama, and therefore that issue is not here considered.

All members of the court concur in the foregoing opinion. For the error above pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.