(93 South. 334)

CARAWAY v. STATE. (4 Div. 755.)

(Court of Appeals of Alabama. May 9, 1922. Rehearing Denied May 30, 1922.)

Larceny ⬤≈21—"Smokehouse" a "storehouse," within meaning of Code.

In view of a common use of the term "storehouse" being to designate a building in which domestic supplies are kept at a place of residence, where defendants were indicted for larceny for carrying away meats from a smokehouse, a "smokehouse," in which family meat was stored, was a "storehouse," within the meaning of Code 1907, § 7324, making it grand larceny to steal goods of the value of $5 or more from a storehouse.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Smokehouse; Storehouse.]

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Henry Caraway was convicted of grand larceny, and he appeals. Affirmed.

Marcus J. Fletcher, of Andalusia, for appellant.

The larceny of property of less value than $25 from a smokehouse is not grand larceny, but petit larceny. Sections 7324, 7325, Code 1907; Acts 1911, p. 92.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The first count of the indictment on which the defendant was convicted is as follows:

"The grand jury of said county charge that before the finding of this indictment Barney Stephens, Henry Caraway, and John Caraway feloniously took and carried away from the smokehouse of A. Q. Spurlin two hams, of the value of, to wit, two dollars and fifty cents each, and three middlings of meat, of the value of, to wit, seven dollars and fifty cents, the personal property of A. Q. Spurlin."

The evidence for the state tended to prove that the smokehouse was used for storing meat, and that the defendant was guilty as charged. The court, in its general charge, charged the jury as a part of the law in the case: It would be grand larceny if the theft of property was from the smokehouse of A.

Q. Spurlin and the value was $5 or more. The point was raised in three different ways, but the foregoing will serve to illustrate the ruling of the court. The exceptions were properly taken. And this presents the question as to whether a smokehouse is a storehouse or warehouse, within the meaning of section 7324 of the Code of 1907.

According to the Century Dictionary, a smokehouse is a building in which meats or fish are cured by smoking; also one in which smoked meats are stored. Century Dictionary, 5719. This definition was approved in Wait v. State, 99 Ala. 164, 13 South. 584, where it is added:

"The term in common parlance, we feel safe in saying, embraces any outbuilding, appended to a dwelling, in which the family supply of meat is habitually kept and stored for use, and where meat may be smoked when necessary." Ford v. State, 112 Ind. 373, 14 N. E. 241.

In other jurisdictions, a storehouse has been defined to mean any house, not an office or shop or room on a boat, in which goods, wares, and merchandise are usually deposited for safe-keeping or for sale. Ray v. Comm., 75 Ky. (12 Bush) 397. A common use of it is to designate a building in which domestic supplies are kept at a place of residence. State v. Sandy, 25 N. C. 570. "A house in which things are stored." State v. Sprague, 149 Mo. 409, 50 S. W. 901; and in Jefferson v. State, 100 Ala. 59, 14 South. 627, in a case involving larceny from a storehouse, Stone, C. J., gives this definition:

"A house in which things are stored; a building for the storing of grain, foodstuffs, or goods of any kind; a magazine; a repository; a warehouse; a store." Johnson v. State, 19 Ala. 527.

With these authorities, as well as from a common knowledge of these things, we find no difficulty in concluding that a smokehouse, in which the family meat is stored, is a storehouse, within the meaning of Code 1907, § 7324.

This is the only proposition insisted on in brief; but, as required by law, we have considered the entire record, in which we find no error, and the judgment is affirmed.

Affirmed.