(104 So. 444)

## FELDER v. STATE. (3 Div. 496.)

(Court of Appeals of Alabama. May 19, 1925.)

**1. Larceny ☞62(1)—Public drayman, taking barrel of sugar from platform outside store from which stolen, held not guilty of grand larceny.**

Public drayman, employed by one stealing barrel of sugar from store to haul it for him, *held* not guilty of grand larceny in taking it from platform outside store, in absence of proof of conspiracy with party taking it from store, or evidence that he knew that it contained sugar or was stolen property.

**2. Criminal law ☞719(1) — Solicitor's argument that coprincipal had pleaded guilty held improper.**

In prosecution for grand larceny and receiving stolen property, solicitor's argument that one who actually took property had pleaded guilty *held* improper, as not predicated on evidence of such fact, which would have been wholly irrelevant and immaterial.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Dan Felder was convicted of grand larceny and receiving stolen property, and he appeals. Reversed and remanded.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Refusal to give the affirmative charge for defendant was error. McAnally v. State, 74 Ala. 16.; 1 Greenleaf on Evi. § 111; Smith v. State, 8 Ala. App. 187, 62 So. 578; De Bardeleben v. State, 16 Ala. App. 367, 77 So. 979. The remark of the solicitor was improper. B. R., L. & P. Co. v. Gonzalez, 183 Ala. 275, 61 So. 80, Ann. Cas. 1916A, 543; Anderson v. State, 209 Ala. 36, 95 So. 171; Moulton v. State, 199 Ala. 411, 74 So. 454; Beard v. State, 19 Ala. App. 102, 95 So. 333; King v. State, 19 Ala. App. 153, 96 So. 636.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] The controlling question presented upon this appeal is, Did this appellant, defendant below, conspire with one Oliver Ware to steal the 100 pounds of sugar in question from the store of C. D. Kenny Company, a corporation. Under the law, if there was no such conspiracy, the judgment of conviction for grand larceny rendered against appellant cannot stand, for, in the absence of an agreement between these parties to commit the larceny charged, the undisputed facts adduced upon this trial do not and cannot constitute the offense of grand larceny upon the part of this appellant. In the first place, the undisputed testimony is that the alleged stolen sugar was of less value than $25; and, second, it shows that the defendant got the barrel containing the sugar, not from the store of C. D. Kenny Company, a corporation, but from a platform in the rear and on the outside of said store. There is no dispute that Oliver Ware took the sugar from the store of said Kenny Company and placed it outside on the platform, and, as stated, if this appellant conspired with said Ware so to do, his conviction for the offense of grand larceny was correct, and the judgment should stand.

A careful reading of all the testimony does not convince us that a conspiracy to commit the act complained of in the indictment existed between this appellant and Ware. On the contrary, the evidence is without dispute that appellant was a public drayman, and was employed by Ware to haul the barrel for him, and there is no semblance of testimony in this record showing or tending to show that this appellant knew that the barrel contained sugar or that it was stolen property. As stated hereinabove, this is the important, in fact the only, material inquiry presented upon this appeal, for the law governing every phase of this case is plain and certain and needs no repetition here. The usual presumption of innocence attended this defendant, and the opinion here prevails that the evidence adduced falls far short of being sufficient to overcome such presumption of innocence. The court erred in refusing to give the affirmative charge requested in writing by defendant. Decisions bearing upon the law of this case are as follows: Driver v. State, 206 Ala. 195, 89 So. 504, and cases cited; Caraway v. State, 18 Ala. App. 541, 93 So. 334; Greenleaf on Ev. § 3; De Bardeleben v. State, 16 Ala. App. 367, 77 So. 979; Dillehay v. State, 18 Ala. App. 271, 90 So. 332; McAnally v. State, 74 Ala. 16.

[2] Many questions are presented and insisted upon, some of which appear meritorious, notably the unauthorized statement of fact made by the solicitor in argument, to wit, "The other man had pleaded guilty." There was no evidence adduced upon this trial upon which to predicate such a statement; in fact such evidence would have been wholly irrelevant and immaterial on the trial of this case, for the defendant on trial could

in no sense be bound by a plea of guilty made by the "other man" or some other person. However, we do not deem it necessary to discuss these several insistences of error. What has been said is conclusive of this appeal.

The judgment of conviction appealed from is reversed, and the cause remanded.

Reversed and remanded.