140 So.2d 295

James Lester **BELL**

v.

**STATE.**

7 Div. 679.

Court of Appeals of Alabama.

April 17, 1962.

Beck & Beck, Fort Payne, for appellant.

MacDonald Gallion, Atty. Gen., and Winston Huddleston, Sp. Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant stands convicted of robbery, hence this appeal.

The evidence introduced by the State tended to show that about 8 P.M., on a night in March 1958, this appellant entered a store in Rainsville, DeKalb County, Alabama, operated by Mr. and Mrs. L. B. Johnson. The appellant was accompanied by another man. At gun point they de-

manded and obtained the contents of the cash register in the store, estimated by Mr. Johnson to be about $150.00. They also took a pocketbook containing $25.00 to $30.-00 belonging to Mrs. Dora Ashley, the mother of Mrs. Johnson, who was in the store at the time.

Both Mr. and Mrs. Johnson positively identified the appellant as being the person who had robbed them on the night in question.

For the defense, Mr. Andy Bell, the grandfather of the appellant, testified that he had had several conversations with Mr. and Mrs. Johnson concerning the robbery and they had stated to him that they did not know the parties who had robbed them.

The appellant did not testify in the trial below.

In rebuttal, Mr. Johnson testified that he did not tell Mr. Andy Bell that he did not know who had robbed them after he had been shown a photograph of the appellant.

■ At the beginning of the trial at a point while the Solicitor was stating the State's case to the jury, the record shows the following:

"*Mr. Beck:* We object to the statement by the Solicitor—that Ralph Keith confessed to the robbery. It is a prejudicial statement. We move for a mistrial in this case.

"*The Court:* Overruled.

"*Mr. Beck:* At this time we move for a mistrial on account of that statement made by the Solicitor.

"*The Court:* Overruled as to that. In connection with that, any statement that would be made by the Solicitor or the Attorneys for the Defendant in the presentation of the case is not evidence in the case. You decide the case from what the evidence shows, and not from the statements made by an Attorney, including the State. The motion is overruled.

"*Mr. Beck:* We except."

No evidence tending to show any confession by Ralph Keith was at any time injected into the trial. In view of the court's admonition to the jury, we are unwilling to say that a reversal shall be cast upon the trial court in the above instance. Supreme Court Rule 45.

■ Counsel for appellant also argues that the court erred in its refusal of the appellant's written charges numbers 3 and 4. Charge 3 is to the effect that if the jury is reasonably satisfied from the evidence that the witness, Mrs. L. B. Johnson, has willfully testified falsely as to any material fact, the jury would be authorized to disregard her testimony in its entirety.

Charge 4 is identical with Charge 3, except that it is directed toward the testimony of Mr. L. B. Johnson.

During its oral instructions to the jury, the court stated:

"There is another rule of law that I can give you with reference to that, that is, if you believe any witness, whether for the State or for the Defendant, has willfully testified falsely as to any material fact in the case, then you have a right to disregard all the witness may have said. That is another way of telling you that you are the sole judges of the testimony."

In Shaw v. State, 19 Ala.App. 581, 99 So. 319, the court had refused a charge of almost identical import as refused charges 3 and 4 in the present case. The court, however, in its oral charge instructed the jury as follows:

"If you should believe any witness has willfully sworn falsely to any material fact in this case, you are at liberty to disbelieve the testimony of that witness in part or altogether, or you may believe part and reject part, taking into consideration all of the facts and circumstances of the case."

The court stated that the rule given by the court in its oral instructions substantially and fairly covered the principles sought to be enunciated in the refused charge and therefore the refusal of the charge was not reversible error.

We think that the Shaw case, supra, must therefore be deemed to have decided the point now contended for by counsel for appellant adversely to such contention.

Affirmed.