273 So.2d 240

**Thomas J. DICKENS**

v.

**STATE.**

**1 Div. 354.**

Court of Criminal Appeals of Alabama.

Feb. 6, 1973.

J. D. Quinlivan, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

The Baldwin County Circuit Court found Thomas J. Dickens guilty of burglary in the second degree and fixed his punishment at four years in the penitentiary. It is from this judgment that he appeals.

The testimony showed that Ann Clikas managed the Trader George Club in Baldwin County, Alabama, and at midnight on December 24, 1971, she closed and padlocked the club. Earlier, a sign stating the club would be closed from Christmas Eve until January 30, 1972, had been hung over the entire door. At approximately 5:25 A.M., on Christmas morning, she returned

481

to the club in response to a burglar alarm phone call. Upon her arrival, she saw Baldwin County Deputy Sheriff John Henry Epps and two other men, one of whom she identified as the appellant. She stated that the lock had been removed and some drawers, which ordinarily contained alcoholic beverages, soda water, and cigarettes, had been worked over. On cross-examination, she stated that four or five miniatures were found in the shrubbery beside the building.

Ray Jones, a radio operator for the City of Fairhope, testified that at 5:15 A.M., on Christmas morning he received a recorded phone call stating a burglary was in process at the Trader George Club. In response to this message, he radioed the cars in that area, and Deputy Epps was dispatched.

According to the testimony of Deputy Epps, he drove to the club in answer to this call. After parking his car where the lights would hit the door, he saw two men run out, one of whom was the appellant. He further stated that he saw a 1969 Green Chevrolet parked 150 feet from the building, and near the building, he found a screwdriver, a crowbar, and gloves.

Appellant testified he and Sherrill Rachels were returning from Pensacola about 5:00 A.M., on December 25, 1971, and stopped at Trader George's Club. As they drove up to the club, a car drove away. He stated the door was open, and they went inside. Finding no one there, they started to leave, but at that moment, the officer arrived and stated, "Don't move." The appellant denied ownership of the tools and denied breaking into the club.

The appellant contends that the trial court committed reversible error in permitting the District Attorney to cross-examine appellant concerning a plea of guilty entered by the co-defendant. The following is that portion of the cross-examination in question:

"Q. Where is Sherril Rachaels today?

"MR. QUINLIVAN: Object.

"THE COURT: Overrule.

"MR. QUINLIVAN: Except—

"Q. Sherril Rachaels pleaded guilty—

"MR. QUINLIVAN: Object and ask for a mistrial.

"THE COURT: Overrule the objection and deny the motion.

"MR. QUINLIVAN: Except.

"A. He pleaded guilty to trespass.

"Q. And paid a fine, didn't he?

"A. Yes sir."

This court has spoken on the foregoing issue numerous times, Evans v. State, 39 Ala.App. 498, 105 So.2d 831; Lane v. State, 40 Ala.App. 174, 109 So.2d 758; Knowles v. State, 44 Ala.App. 163, 204 So. 2d 506, and adheres to this general rule:

"Where two or more persons are jointly indicted for the same criminal offense which is in its nature several, or are separately indicted for such offense or for separate offenses growing out of the same circumstances, and are tried separately, the fact that one defendant has pleaded guilty or has been convicted is, as a general rule, inadmissible as against the other, since competent and satisfactory evidence against one person charged with an offense is not necessarily so against another person charged with the same offense, and since each person charged with the commission of an offense must be tried upon evidence legally tending to show his guilt or innocence. * * *" 48 A.L.R.2d 1016 § 1.

Whether Sherrill Rachaels, who was apprehended with this appellant, was convicted or pleaded guilty would not be evidence of the guilt of this appellant, nor would his acquittal be evidence of the appellant's innocence.

Disclosure of the guilty plea was inadmissible, and the court below committed reversible error when it allowed this testimony over the appellant's objections.

The judgment in this cause is due to be reversed.

Reversed and remanded.

CATES, P. J., and TYSON, ALMON and HARRIS, JJ., concur.