The appellant, Michael Eugene Hale, was convicted of first degree robbery, in violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 20 years' imprisonment.
The state's evidence tended to show that on June 19, 1991, the appellant and Shedrick Dywan Young entered the Texaco gasoline service station located on St. Stephens Road in Mobile County. The appellant distracted the store clerk by having her ring up several items of merchandise. Young then stepped behind the counter, pulled a gun, and demanded that the clerk give him the money from the register. The store clerk complied, and the men ran from the store, taking the money and the merchandise. The men fled the scene in an automobile, but the clerk and another customer were able to get the license number of the car. The entire holdup was filmed by the store's video surveillance camera.
Following a hearing, the trial court granted the state's motion to consolidate, and consolidated the appellant's trial with his co-defendant Young. Immediately before the trial, Young withdrew his plea of not guilty and pleaded guilty to first degree robbery. The appellant, after a jury trial, was found guilty of first degree robbery.
 I
The appellant first contends that the trial court erred in denying his motion for a mistrial. The motion was made after the trial court allowed the state's attorney to question co-defendant Young concerning his plea of guilty to the same robbery charge for which the appellant was being tried. He also presents this issue in terms of a claim of ineffective assistance of counsel. However, neither issue has been preserved for our review.
Co-defendant Young was called as a state's witness. The following exchange between the prosecutor and Young occurred during the state's case-in-chief:
 "Q: Mr. Young, you were charged with robbery in the first degree in this case, weren't you?
"A: Yes, sir.
 "Q: And you've already pleaded guilty to that, haven't you?
"A: Yes, sir."
No objection to the questions concerning Young's plea of guilty was made. Counsel for the appellant did object to the state's questions asked during Young's testimony as being leading and moved for a mistrial. However, the motion was based on the alleged prejudicial effect of the questions and not on the fact that the state inquired into Young's recent guilty plea. Therefore, this issue concerning the introduction of Young's guilty plea has not been preserved for appellate review on direct appeal.
An objection to a question believed to violate the rules of evidence must be made before an answer is given. Collins v.State, 586 So.2d 992 (Ala.Cr.App. 1991); Willingham v. State,261 Ala. 454, 74 So.2d 241 (1954). An objection to a question made after an answer is given is not timely and will not preserve the issue for review unless an oral motion to exclude the answer is promptly made. Woods v. State, 437 So.2d 636
(Ala.Cr.App. 1983); Flowers v. State, 402 So.2d 1088
(Ala.Cr.App.), cert. denied, 402 So.2d 1094 (Ala. 1981).
If a specific objection had been made to the above testimony, and the trial *Page 1204 
court had overruled the objection, this issue would have been preserved for our review, and, by long-standing case law, its ruling would warrant reversal. This court, in Tomlin v. State,591 So.2d 550 (Ala.Cr.App. 1991), thoroughly discussed the law applicable to the admission of a co-defendant's conviction or plea of guilty:
 "In 1899, the United States Supreme Court held that evidence of a codefendant's conviction was not admissible in the trial of his fellow accused. See Kirby v. United States, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890 (1899). This is still the prevailing view. See Annot., 48 A.L.R.2d 1016, and cases cited therein.
 " 'Where two or more persons are jointly indicted for the same criminal offense which is in its nature several, or are separately indicted for such offense or for separate offenses growing out of the same circumstances, and are tried separately, the fact that one defendant has pleaded guilty or has been convicted is, as a general rule, inadmissible as against the other, since competent and satisfactory evidence against one person charged with an offense is not necessarily so against another person charged with the same offense, and since each person charged with the commission of an offense must be tried upon evidence legally tending to show guilt or innocence.'
 "48 A.L.R.2d at 1017. There are exceptions. 'Where the common-law distinction between a principal and an abettor has not been abolished, the conviction or plea of guilty of a principal is admissible against one being tried separately as an abettor, since the principal's guilt is a prerequisite to prove the guilt of the accused.' 48 A.L.R.2d at 1017, n. 1. Furthermore, evidence of a codefendant's conviction may be admissible for purposes of impeachment when the codefendant testifies at trial. However, the court should give the jury a limiting or cautionary instruction concerning the use of the conviction. See United States v. Austin, 786 F.2d 986 (10th Cir. 1986). See also Stokes v. State, 462 So.2d 964
(Ala.Cr.App. 1984). . . .
 "Alabama follows the majority view. Judge Bowen in Stokes, supra, thoroughly reviewed the Alabama cases in which evidence of a codefendant's conviction was admitted. Judge Bowen stated:
 " 'A survey of the Alabama cases on this point reveals that disclosure of the outcome of a co-defendant's case has been denounced whether it occurred in argument, see Knowles v. State, 44 Ala. App. 163, 204 So.2d 506 (1967) (Prosecutor's statement that the other defendants had already pled guilty). Bell v. State, 41 Ala. App. 561, 140 So.2d 295 (1962) (Prosecutor's statement that co-defendant had confessed); Lowery v. State, 21 Ala. App. 352, 108 So. 351 (1926) (District attorney's comment that one person had already been convicted); Felder v. State, 20 Ala. App. 603, 104 So. 444 (1925) (Prosecutor's comment that, "The other man has pleaded guilty"), in the State's case-in-chief, see Williams v. State, 369 So.2d 910 (Ala.Cr.App. 1979) (State's witness asked whether he testified in case when co-defendant was convicted); Lane v. State, 40 Ala. App. 174, 109 So.2d 758 (1959) (State asked co-indictee the outcome of his prosecution); Evans v. State, 39 Ala. App. 498, 105 So.2d 831
(1958) (District attorney asked accomplice whether he was guilty of the same offense with which the defendant was charged), or during the presentation of the defense, see Dickens v. State, 49 Ala. App. 480, 273 So.2d 240 (1973) (Defendant questioned, on cross-examination, about co-defendant's guilty plea); McGhee v. State, 41 Ala. App. 669, 149 So.2d 1 (1962) (Defendant sought to present evidence of co-defendant's acquittal); Hill v. State, 210 Ala. 221, 97 So. 639 (1923) (Defendant claimed his own prosecution should be barred by accomplice's acquittal).'
 "Stokes, 462 So.2d at 966, 967. In Stokes, this court affirmed the lower *Page 1205 
court, noting that the error was 'cured by the trial court's admonition to the jury to disregard the prosecutor's comment.' Id., at 967."
591 So.2d at 554-555. (Footnote omitted.)
Here, defense counsel did not request a limiting instruction concerning the use of Young's guilty plea, and no such instructions were given ex mero motu by the trial court. Here, the evidence of the co-defendant's conviction would have been admissible for impeachment purposes. See generally C. Gamble,McElroy's Alabama Evidence, § 149.01(8) (4th ed. 1991) (such questions allowed to show the bias of the witness). However, under the facts of this case, had this issue been preserved for our review, we would be compelled to reverse.
The appellant also argues that both his trial counsel and his appellate counsel rendered ineffective assistance. He contends that the failure either to object to the prosecution's questions concerning Young's guilty plea or to request a limiting instruction rendered his performance deficient. He also contends that his appellate counsel's failure to present the ineffective assistance of trial counsel claim to the trial court rendered his performance deficient. However, no motion for a new trial was made in this case. Absent a motion for a new trial, " 'claims of ineffective assistance of counsel may not be considered for the first time on direct appeal.' "Jackson v. State, 534 So.2d 689, 692 (Ala.Cr.App. 1988), quotingUnited States v. Stitzer, 785 F.2d 1506, 1520 (11th Cir.), cert. denied, Perna v. United States, 479 U.S. 823,107 S.Ct. 93, 93 L.Ed.2d 44 (1986). On direct appeal in this case the case law prevents us from addressing the merits of the appellant's claim of ineffective assistance of trial counsel.
The Alabama Supreme Court, in Ex parte Jackson, 598 So.2d 895
(Ala. 1992), set forth the guidelines for raising on direct appeal a claim of ineffective assistance of trial counsel: If counsel appointed on appeal files a motion with the trial court within 14 days after his appointment requesting that the running of the time within which to file a motion for a new trial be suspended until the reporter's transcript is filed, then the 30-day period within which to file a motion for a new trial shall be computed from the date the reporter's transcript is filed. Appellate counsel then will be able to raise all appropriate issues before the trial court, including a claim of ineffective assistance of counsel. This procedure was not followed here.
Because the appellant's claims of ineffective assistance of trial counsel have not been preserved for our review, we can only state that any remedy for the appellant upon this issue lies in a petition for post-conviction relief, under Rule 32, A.R.Crim.P.
Further, a claim of ineffective assistance ofappellate counsel cannot be raised on a direct appeal. Such a claim is correctly raised in a petition for post-conviction relief pursuant to Rule 32, A.R.Crim.P.
None of the appellant's issues have been preserved for our review. Therefore, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.