## GRAY *v.* STATE

[No. 205, September Term, 1958.]

*Decided April 16, 1959.*

558

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Earl E. Manges,* with whom was *Harold E. Naughton* on the brief, for appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, James S. Getty, State's Attorney for Allegany County,* and *Donald W. Mason, Assistant State's Attorney for Allegany County,* on the brief, for appellee.

PER CURIAM.

The appellant, Raymond J. A. Gray, and two others were tried and convicted by the Circuit Court for Allegany County on a charge of armed robbery. About a month before the trial, and very soon after the attack, a County investigator interviewed a sister of the appellant and obtained her signature to a statement relating a conversation pertaining to the robbery between the three defendants which was damaging to them all. The following day she visited the State's Attorney and repudiated the statement. At the trial she was called as a witness by the State and again repudiated her statement. Over objection, the trial court permitted the State's Attorney to use the statement to contradict and impeach the witness, basing the ruling upon surprise. The statement was also admitted in evidence. There was no showing of surprise and the nature of the statement clearly shows that it was prejudicial to the appellant. The rule concerning the State's impeaching its own witness was stated and fully discussed in the recent case of *Bruce v. State,* 218 Md. 87. Accordingly the judgment must be reversed.

The appellant made a general objection to the admission of a statement made by one of his co-defendants, which statement was damaging to the appellant. In a joint trial, where a statement is admissible against a confessing co-defendant,

those not confessing are entitled only to have the trier of facts directed to exclude the statement as proof against themselves. *Markley v. State,* 173 Md. 309, 318; *Day v. State,* 196 Md. 384, 390, 391.

In oral argument, but not in his brief, the appellant claims that the trial court erred in admitting the testimony of a police officer concerning certain information contained in an annual publication issued by the Department of Motor Vehicles. The question was also neither mentioned nor argued in the appellee's brief. Even if it is properly before us (as to which see Maryland Rule 831 c 2, 4; *Comptroller v. Aerial Products,* 210 Md. 627, 645), the objection seems to be based upon lapse of time since the issuance of the book. This would affect weight, but not admissibility. *Purviance v. State,* 185 Md. 189, 198.

The appellant further claims that his motion for a directed verdict at the conclusion of the State's case should have been granted. After it had been denied, the appellant offered testimony and thereby withdrew this motion. Maryland Rule 741 b; *Elliott v. State,* 215 Md. 152.

His final contention is that his motion for a directed verdict at the conclusion of the whole of the testimony should have been granted. Since we think that the case should be remanded for a new trial, we shall not discuss that contention.

> *Judgment reversed and case remanded for a new trial, the costs to be paid by the County Commissioners of Allegany County.*