GRAY *v.* STATE

[No. 110, September Term, 1959.]

*Decided January 19, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Earl E. Manges,* with whom was *Harold E. Naughton* on the brief, for the appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, James S. Getty, State's Attorney for Allegany County,* and *Donald W. Mason, Assistant State's Attorney,* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

This case was here before on a former appeal. *Gray v.*

*State,* 219 Md. 557, 150 A. 2d 221.   In order to pass upon the questions now raised, it will be unnecessary to set forth in any great detail the facts that allegedly occurred.   The appellant, Gray, and two others were tried and convicted in the Circuit Court for Allegany County on a charge of armed robbery.   Gray, alone, appealed, and, for the reasons assigned in the former opinion, his conviction was reversed and the case remanded for a new trial.

Little space need be consumed in disposing of the appellant's first contention, as he now seems to concede that the question is not properly before us.   He filed a motion for a change of venue on the ground that his case had "had wide publicity."   The trial court denied the motion without a hearing or the taking of testimony thereon.   However, the record extract fails to disclose that the appellant requested a hearing on the motion, or an opportunity to adduce evidence to show that he could not have a fair and impartial trial in Allegany County, or that any objection was made to the court's ruling on the motion.   Moreover, the appellant failed to print the motion or the court's ruling thereon in the record extract. Maryland Rule 828 b.   Clearly, the question is not properly before us for determination.

The next question, however, gives us more difficulty.   As stated above, Gray, on his first trial, had been found guilty with two other defendants, one of whom, Howard Iser, had received a ten-year prison sentence.   In the trial of Gray's present case below, the State's Attorney called the deputy clerk of the court who testified, over the appellant's objection, that the court records disclosed: "On October the 17th, 1958, the prisoner[s] arraigned, John Anthony Gray and Howard Maurice Iser sentenced to confinement" for ten years.   The court instructed the jury to disregard the sentence with reference to Gray, but that they were at liberty to consider the sentence of Iser.   Iser had not been called as a witness; hence no question of impeachment was involved.

The court below held this evidence was admissible under the provisions of Code (1957), Article 35, Section 11, which states:

"If any person or corporation charged with com-

mitting any crime is found guilty thereof, such fact shall be admissible as evidence in any proceeding, criminal or civil, in which another person, firm or corporation shall be charged with committing the same crime or act."

The above statute was passed in 1933. In construing the same, we are unable to obtain any assistance from its title as to the purpose or intention of the legislation in its enactment; and we find no decision of this Court prior to the time of its passage that may have inspired its introduction and enactment. We have not discovered a like statute in a sister State, nor does there seem to have been any previous decision of this Court that has considered the same. It will be noted that we are dealing with a criminal prosecution wherein the conviction and sentence of a coindictee for the same crime (Iser) predicated upon an offense by joint actors was introduced on behalf of the State as tending to establish the guilt of Gray. We shall strictly limit our discussion and holding to the facts herein presented.

It seems clear that a literal reading of the statute would render the evidence objected to admissible; but such a construction of the statute, under the circumstances of this case, would make testimony admissible against a defendant in a criminal case that, apparently, is universally held to be inadmissible,[1] and cause the statute to be so unreasonable as to cast serious doubt upon its validity. Even when the defendant himself has been previously convicted of other crimes, it is well-established law that these previous convictions are inadmissible against him as tending to show that he committed the crime whereof he stands indicted, unless they show knowledge, motive, intent, a common scheme or identification [and under some circumstances sexual crimes]. *Jones v. State,* 182 Md. 653, 656, 35 A. 2d 916.

This court said in *Rogan v. B. & O. R. R. Co.,* 188 Md.

---

1. 2 Wharton, Criminal Evidence (12th Ed.), Sec. 439, and other authorities cited below. Also compare Hunter v. State, 193 Md. 596, 603, 69 A. 2d 505; Wood v. State, 191 Md. 658, 664, 62 A. 2d 576.

44, 53, 52 A. 2d 261, that, "[i]f the language of a statute is open to either of two constructions, the court should adopt that construction which will best tend to make the statute effectual and produce the most beneficial results." And, in *Scherr v. Braun,* 211 Md. 553, 561, 128 A. 2d 388, Judge Hammond for the Court said: "This Court has held that if necessary to carry out legislative intent, there may be ascribed to 'mere words' or 'particular words' not their literal or natural meaning but the meaning and effect that the 'whole surroundings, the purposes of the enactment, the ends to be accomplished, the consequences that may result from one meaning rather than from another' indicate they should have." See also *Tyrie v. Baltimore County,* 215 Md. 135, 140, 137 A. 2d 156. Applying the above principles to the statute here involved and the facts of the instant case, with due regard for the traditional background of the criminal law of this state and "the consequences that may result" from a holding to the contrary (the doubtful validity of the statute), we are unable to conclude that the Legislature intended, generally, to render the conviction of another person, although an alleged joint actor, admissible evidence against a defendant charged with the same crime, as tending to establish his guilt. On the contrary, we think the Legislature intended (still limiting our holding here to the facts in the case at bar.) that if a person "charged with committing any crime is found guilty thereof [and assuming said conviction is predicated as the deed of one person, not of joint actors], such fact shall be admissible as evidence" in any criminal proceeding in which another person is charged with committing the same crime in order to prevent the possibility of convicting two persons of committing the same crime that only one could have committed. Professor Wigmore[2] gives us the key to the most logical solution of the legislative intent in enacting Section 11. He points out that the conviction of another person for the same crime, assuming that it is predicated as the deed of one person and not of joint actors, should be admissible in evidence when offered by the defense [indeed, he seems to

---

2. 1 Wigmore, Evidence (3rd Ed.), Sec. 142.

think it should be pleadable in bar], but that the courts have not always so held. He concludes his paragraph upon this subject by saying, "[c]ertainly, the law must in some manner avoid the absurdity of convicting two persons for the same crime committable by one only." We hold that the trial court was in error in admitting the conviction and sentence of Iser as tending to establish the guilt of the appellant, Gray. *State v. Bowker,* (Ore.), 38 P. 124; 2 Wharton, *Criminal Evidence* (12th Ed.), Sec. 439; 22 C.J.S., *Criminal Law,* Sec. 784; *Annotation,* 48 A.L.R. 2d 1017; *Babb v. United States,* 218 F. 2d 538 (C.A. 5th, 1955); *State v. Gargano* (Conn.), 121 A. 657, 659; *Paine v. People* (Col.), 103 P. 2d 686, 689.

The appellant also assigns as reversible error the trial judge's refusal to grant his motion for a mistrial. After the foreman of the jury had announced that the jury found the defendant guilty on the first count of the indictment and not guilty on the second and third, the defendant's counsel requested that the jury be polled. One juror stated that he did not agree with the foreman's verdict, and, after a short colloquy with the court, stated that he "guessed" he agreed (as of the time the juror was speaking) with the verdict as announced by the foreman. The court stated that, in view of the statement made by the juror, it would be "better form" if the jury returned to their jury room. He instructed them, however, to "[g]o back and come in here with a unanimous verdict," and he stated to counsel in the presence of the jury in denying the motion for a mistrial, "[t]hey [the jury] are going back [to their jury room] and come in here with a unanimous verdict." This instruction of, and statement made by, the trial court are strongly objected to by the appellant, as well as the court's failure to grant a mistrial as soon as one of the jurors disagreed with the foreman's verdict when the jury was polled. The statement and instruction of the court were unquestionably peremptory and imperative in nature and failed to include any mention of the jury's prerogative to disagree, as no juror is required to surrender his own conscience. However, due to the very remote possibility of a recurrence of the situation here presented at the new trial,

292

which must be awarded because of what has been said above, we do not deem it necessary to pass upon this contention of the appellant.

*Judgment reversed and case remanded for a new trial, the costs to be paid by the County Commissioners of Allegany County.*