## HYSON *v.* STATE

[No. 212, September Term, 1960.]

*Decided April 11, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Alan H. Murrell,* with whom was *John W. Moyer* on the brief, for appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Frank H. Newell, III,* and *Paul J. Feeley, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore County, on the brief, for appellee.

PER CURIAM.

The appellant was convicted of conspiracy by a judge of the Circuit Court for Baltimore County, sitting without a jury.

He raises a single question, only, on this appeal, claiming the trial court committed reversible error in admitting a part of a written statement made by a witness, one Albert R. Moyer, who was one of the alleged co-conspirators and had been called by the State.

The appellant was indicted for having conspired with Alton R. Moyer and Albert R. Moyer (the two Moyers being twin brothers) to burglarize a certain pharmacy. Prior to Hyson's trial, both Moyers had pleaded guilty to the burglary of the pharmacy. Hyson denied the conspiracy accusation and pleaded not guilty. Albert R. Moyer had given a signed statement to the police, in which he admitted his guilt and directly implicated Hyson.

At Hyson's trial, Alton R. Moyer was called by the State. He confessed his guilt and gave testimony, which, if true, also established the guilt of Hyson as well as the other Moyer. Then Albert R. Moyer was called by the State and he repudiated much of his former written statement, testifying that neither he nor Hyson was guilty. The State claimed surprise. The defense denied the surprise, claiming that the witness had notified both the police and the Assistant State's Attorney of such repudiation before he had been called as a witness. The court believed the State had been surprised and admitted, "such parts of the statement as the State used in cross examining this witness, not the complete statement."

And this is the ruling of the court, made over his objection, that the appellant contends constituted prejudicial error.

We have set forth the facts somewhat cursorily and without too much detail; because, as we shall soon see, we do not reach the questions as to whether the State made out a proper case of "surprise," or, assuming the State did establish surprise, should the State have been confined to a showing that the witness had made a prior inconsistent statement, without introducing any portion of the statement, itself, into evidence.[1]

After the above ruling by the court, two police officers, Chief Deyle and Inspector Ensor, were permitted to testify, without objection, that Albert R. Moyer had verbally made the same statement which had been previously objected to by the appellant. If we assume, without deciding, there were errors in the original admission of certain "parts of the statement" made by Albert R. Moyer, the subsequent receipt, without objection, of the officers' testimony as to contents of the statement, waived any such error. *Journigan v. State,* 223 Md. 405, 412, 164 A. 2d 896, and cases therein cited; Maryland Rule 522 d 2.

*Judgment affirmed, the appellant to pay the costs.*

---

1. We have dealt with these questions in two recent cases: Bruce v. State, 218 Md. 87, 145 A. 2d 428; Gray v. State, 219 Md. 557, 150 A. 2d 221.