## FISHER *v.* STATE

[No. 82, September Term, 1963.]

[black redaction]

[black redaction]

[black redaction]

*Decided November 13, 1963.*

[black redaction]

The cause was submitted on the brief to BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

Submitted by *J. William Schneider, Jr.,* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Fred Oken, Assistant Attorney General, William J. O'Donnell, State's Attorney,* and *Robert V. Lazzaro, Assistant State's Attorney,* for appellee.

PRESCOTT, J., delivered the opinion of the Court.

This is a delayed appeal granted by Judge Cullen to the appellant, who was convicted of armed robbery in the Criminal Court of Baltimore by a judge, sitting without a jury.

Appellant challenges: (1) the action of the trial court in admitting into evidence a written statement signed by him; and (2) the sufficiency of the evidence to sustain his conviction.

Cleveland Chandler testified that on August 11, 1961, at about 12:30 a.m., he was sitting outside a gasoline station at which he was employed, the station being open for business and

illuminated by flood lights. He saw two men enter the lot from different directions, appellant approaching Chandler from his left, the other, one Brown, approaching from his front. Brown asked Chandler to change a five-dollar bill. Chandler took his money out of his pocket, and, when he looked up, Brown had a gun pointed at him. Brown ordered Chandler to drop the money and back up, which he did. He, Brown, then told appellant to pick the money up, and, after his compliance, the men backed away together.

Officer Robinson of the Narcotics Squad stated that he and several other officers happened to be in the vicinity of the gasoline station at about 1:00 a.m., on the date of the robbery, and he observed the appellant, about fifty yards from the station, running across the street into an alley. He ran in a zigzag course (up one alley and down the next street, etc.) until he was overtaken by the police, who placed him under arrest. Brown, who had been running a few feet ahead of Fisher, was also apprehended, and a search of his person produced $13.00. Fisher told the police that the money taken from Brown came from a robbery of the Major Oil Company (Chandler's place of employment). The money and this statement of Fisher were admitted at the trial without objection.

"A couple of minutes later" while still talking to the man, the police were alerted, by the police radio, to the robbery, and given a description of the holdup suspects. Appellant and Brown were taken to the police station where they gave separate written statements. At his trial, Fisher denied making any statement and insisted the written statement attributed to him was not his statement; he stated that he had not been subjected to any force or duress, but maintained the statement was a police fiction.

This statement was not a confession. On the contrary, it was exculpatory. When it was proffered by the State, Fisher's counsel objected to its admissibility on the ground that it was not his statement. The statement related that the appellant, standing across the street from the Major Oil Company with one Yates and Brown, heard them plotting the robbery and saw Yates give Brown a pistol. The appellant said that he then entered the station to purchase a couple of candy bars from the

vending machine, and also to warn the attendant of an impending holdup. From his position at the vending machine, he saw Brown ask for change for a five-dollar bill and then rob the attendant at gun point. He said that he remonstrated with Brown; told him to return the money. Brown refused and exited running. The appellant followed him through the alley because he was scared and wanted to get "the man's money back for him." He specifically denied any role in the robbery. The statement was admitted into evidence over appellant's objection.

Fisher took the stand in his own defense and testified he was at the vending machine two or three minutes before Brown entered the station. He heard Brown ask for change for a five-dollar bill, saw Chandler take the money from his pocket and heard Brown order him to drop it on the ground. He said he then saw Brown pick up the money and run. He denied that Brown had a gun and stated that the incident did not appear to him to be a robbery, but rather it seemed "as if Mr. Chandler owed Brown some money and [he] was demanding his money."

## I

Appellant contends for the first time in this appeal that his arrest was illegal, and therefore, his written statement taken thereafter, should not have been admitted against him. The point was not raised in the trial court; hence it is not before us for decision. Maryland Rule 885; *Hamilton v. State,* 225 Md. 302, 170 A. 2d 192; *Kirby v. State,* 222 Md. 421, 425, 160 A. 2d 786. Even constitutional rights, under certain circumstances, may be waived if State procedural rules are not complied with. *Kirschgessner v. State,* 174 Md. 195, 198 A. 271; *Kirby v. State. supra; Jackson v. Warden,* 218 Md. 652, 146 A. 2d 438. (We do not intimate, however, that any constitutional rights were, in fact, waived in the instant case.)

Fisher testified that he did not sign the statement; the police testified he did, and further that it was freely and voluntarily made. The trial judge found that appellant had signed the statement, and that it had been freely and voluntarily given, and, as stated above, admitted it. No citation of authority is needed to support the assertion that a written statement, freely

and voluntarily made by a defendant in a criminal prosecution, which is obtained without force or coercion and pertains to matters relevant to the issues involved, and is signed by him, is admissible as evidence in such a prosecution. We find no error in admitting the statement.

However, had there been error in its admission, the error was quickly waived. The appellant had signed the original statement and a copy thereof. The copy was offered in evidence and received without objection. *Forrester v. State,* 224 Md. 337, 167 A. 2d 878; *Hyson v. State,* 225 Md. 140, 169 A. 2d 449; *Weaver v. State,* 226 Md. 431, 174 A. 2d 76.

## II

The simple test to be applied in determining whether the evidence in a case tried by a trial judge, sitting without a jury, is sufficient to sustain a conviction is whether the trial court had before it sufficient evidence, with the proper and permissible inferences to be drawn therefrom, upon which it could fairly be convinced beyond a reasonable doubt of the defendant's guilt of the offense charged. *Tasco v. State,* 223 Md. 503, 165 A. 2d 456. And there is no requirement that the court accept as true exculpatory statements made by an accused. *Tasco v. State, supra; Harriday v. State,* 228 Md. 593, 182 A. 2d 40; *Weaver v. State, supra.* It is obvious, from a reading of the facts, which we set forth above at some length, that the evidence was sufficient to justify a finding of the constitutent elements of armed robbery; it would therefore, we think, be superfluous to repeat them.

*Judgment affirmed, with costs.*