WIGGINTON, Judge.
Appellant, together with five other defendants, were jointly charged with the offense of grand larceny. One of the defendants was never apprehended and the case proceeded to trial against the remaining five defendants. After the trial commenced, three of the defendants entered a plea of nolo contendere. The trial proceeded against appellant and one Woodrow “Red” Grisette, which culminated in a jury verdict of guilty as charged. From a judgment and sentence based upon a jury verdict, defendant Cochran has appealed.
The principal point urged for reversal is that the evidence is insufficient to establish appellants’ guilt as required by law. We have carefully reviewed the record and find sufficient competent evidence from which the jury could have reached the verdict here assaulted. The judgment is not vulnerable to attack on this ground.
*250 In order to establish defendant’s alleged guilt the State of Florida called as a witness a police officer who confessed implication in the transaction which formed the subject of this prosecution. At the conclusion of the evidence appellant requested the court in writing to charge the jury with respect to the weight which should be given to the testimony of an accomplice, which request was denied.
The charge requested by appellant, the denial of which is assigned as error, is as follows:
“The witness, Earl McCombs, by his own testimony has admitted that he was a party to an illegal transaction. He is an accomplice. His testimony is subject to suspicion, and for that reason you are to scrutinize it very closely and accept it with great caution for the purpose of determining whether it was not molded and colored to shift the blame to the other defendants or to some of the Defendants, and thus further his own interest, or to save and protect himself, either now or in the future, in respect to another prosecution that he may fear.”
 In Anthony v. State, the Supreme Court held that “By statute in this state * * * trial judges are restricted in charging juries to the law of the case, and cannot intimate to them their views as to the effect, weight, or credibility of the evidence. Notwithstanding this statute, it has been decided in this state that an accused has a right as matter of law to have the trial court instruct the jury that the testimony of an accomplice, as well as his own confessions, should be received with great caution. * * * To this extent the trial court should go as to such testimony,, and a refusal to so charge when requested will be error.” [1] Although appellant was unquestionably entitled to a charge by the court that the jury should receive the testimony of the accomplice with great caution, he was not entitled to a charge as broad as the one requested by him. The request went beyond the requirements of law, and would have constituted an expression of opinion by the court as to the weight or lack of weight which the jury should give to the testimony of this witness. It is our view that the court did not err in denying defendant’s requested instruction because of the form in which it was submitted.
We have considered the remaining point on appeal but find it to be without substantial merit. The judgment appealed is accordingly affirmed.
Affirmed.
CARROLL, DONALD K., C. J., and RAWLS, J., concur.

. Anthony v. State, 44 Fla. 1, 32 So. 818, 821; see also Padgett v. State, (Fla.1951), 53 So. 2d 106, 109.