WIGGINTON, Judge.
This isi a companion case to that of Reginald Cochran v. State of Florida, Fla. App., 150 So.2d 249, in which the court has today filed an opinion affirming the judgment appealed.
Appellant Grisette, together with five other defendants, were jointly charged with the offense of grand larceny. One defendant was never found and the case proceeded to trial against the remaining five defendants named in the information. After the trial commenced, three defendants entered a plea of nolo contendere as stated above. Upon the jury’s return to the court room, the trial judge addressed it as follows:
“Gentlemen, I am sorry I have to keep you back there so long, but during the time you have been back there three of these defendants, Gentlemen, the Defendant Pope and the Defendant Can-ady and the Defendant Reynolds have entered pleas of nolo contendere in this case and you are not to consider the case any further as to these three defendants, that is, Pope, Reynolds or Canady. But you will only consider the case from here on out as against the Defendants Grisette and Cochran.”
No objection to the foregoing statement by the trial judge was made by appellant at the time, nor was a motion for mistrial made. Appellant’s first objection to the court’s announcement is found in his motion for new trial.
It is appellant’s contention that the court’s statement to the jury that three defendants had entered nolo contendere pleas constituted harmful and prejudicial error as to the remaining defendants. It is argued that such statement had the effect of putting the jury on notice that since three of the defendants had pleaded guilty of the acts constituting the crime with which all were charged, the jury had no alternative but to convict the remaining defendants without regard to whether the evidence proved their guilt beyond a reasonable doubt. With this contention we cannot agree. It would be equally reasonable to contend that since three of the defendants had confessed responsibility for the crime, the jury had no alternative but to find that the remaining defendants were innocent and should be acquitted.
The trial jury is an essential arm of the court charged with the responsibility of performing an important function in the administration of justice. In order that it accomplish its intended purpose, it should not be required to operate in a partial vacuum. As men of intelligence, the members of the jury are entitled to know within proper limits the significance of developments which occur during the trial so long as the information imparted to them does not harmfully prejudice the right of the parties to a fair trial. We do not perceive that the statement made by the trial judge as quoted above cast any suspicion of guilt upon the remaining defendants. It is our *500 view that the trial judge did not exceed the bounds of propriety by informing the jury as to the reason why three of the defendants were no longer involved in the outcome of the trial, and instructing it to confine its further consideration of the case only to the remaining defendants.
We have carefully considered the remaining points on appeal, but find them to be without substantial merit. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., C. J., and RAWLS, J., concur.