167 So.2d 629 (1964)
Frank Michael VITIELLO, Appellant,
v.
STATE of Florida, Appellee.
No. 63-537.
District Court of Appeal of Florida. Third District.
August 11, 1964.
Rehearing Denied October 15, 1964.
*630 J. Victor Africano, Hallandale, Fla., for appellant.
James W. Kynes, Jr., Atty. Gen., and Victor V. Andreevsky, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
TILLMAN PEARSON, Judge.
The appellant was tried and found guilty of the crime of robbery by a jury in the Criminal Court of Record of Dade County. He was adjudicated guilty and sentenced to thirty years in the State Prison. He has appealed and has presented two points. They are:
(1) The appellant was denied in the trial court his constitutional right to secure counsel of his own choice.
(2) There was no jurisdiction in the trial court to try defendant for an infamous crime upon an information rather than an indictment by a grand jury.
Mr. Sheldon Dubler, attorney at law, has been permitted to appear for the purpose of filing a brief as amicus curiae, upon the ground that he had been discharged as attorney for appellant, indirectly and without notice from his client and if the brief were not authorized by order of the court, the matters therein might be deemed abandoned. This brief presented eight points upon appeal:
(1) The State wholly failed to prove the corpus delicti.
(2) The State failed to prove ownership of the property alleged to have been taken.
(3) The State failed to establish an uninterrupted chain of custody of the property alleged to have been taken.
(4) The verdict of the jury was influenced by misconduct of the State Attorney.
(5) The trial court erred in entering judgment and sentence because of the many errors during the trial.
(6) The court erred in denying a continuance of the trial.
(7) The assignment of counsel "unacceptable" to the defendant does not comply with the provisions of due process.
(8) The sentence was excessive.
*631 It will be observed that the first point in appellant's brief and the seventh in the brief of amicus curiae are essentially the same. The argument that the appellant was not properly represented is the principal question presented by each brief. The factual background out of which the question is said to arise must be set forth.
On May 23, 1963, an information was filed by the State Attorney, charging the appellant, in company with two others, with the crime of robbery. This information was quashed and a second information was filed June 11th. On June 18th the appellant was arraigned in open court and pled "not guilty" to the charge. At his arraignment the appellant was represented by counsel of his own choice, Mr. Barry L. Garber.
On July 9th, Mr. Garber withdrew as appellant's attorney. The appellant had been free on a surety appearance bond up until this time. On this date the bond was revoked and the appellant was remanded to jail to await trial. On July 12, when the case was called to set a trial date, appellant was represented in court by Mr. Max Engel, who withdrew a waiver of jury trial which had been previously made by the appellant. The case was set for trial on July 18th. The appellant was not brought into the courtroom on this occasion. He had previously retained Mr. Engel to bring a petition for habeas corpus and obviously Mr. Engel thought he was to handle the trial. Subsequently, Mr. Engel visited the appellant in jail on three ossasions in order to obtain the facts of the defense, but the defendant failed or refused to discuss his defense with Mr. Engel.
At the beginning of the trial the appellant made the following statement:
"FRANK VITIELLO: My name is Frank Michael Vitiello. On July 12, 1963, I was supposed to appear before the Court to choose an attorney of my own choice. I was denied this right. For some reason someone claims that Mr. Engel is my lawyer. He is not my lawyer. I did not hire him as my lawyer. I gave Mr. Engel $150.00 to file two writs of habeas corpus in the Circuit Court. I did not give him no retainer. I did not discuss this here case with any attorney. I have been denied the right to legal counsel under the Constitution."
* * * * * *
"FRANK VITIELLO: Like I said before, I made this statement in the courtroom. I was supposed to appear before the Court to choose my own attorney. I did not choose an attorney. I was supposed to appear before the Court on July the 12th to pick the attorney and to have a hearing on my probation. Mr. Williams said that I can pick my attorney on that day. I never entered the courtroom, your Honor. I never  I didn't have no counsel. All I simply done was hire Mr. Engel to file two writs for me. He was not my lawyer.
"I was under the impression to come to the courtroom today to pick an attorney for myself. I did not pick an attorney. I was supposed to come to the Court on July 12th to pick my own counsel of my own choice. I'm twenty-eight years old. I'm not a minor. I did not choose Mr. Engel as my attorney. I have no counsel. I have no defense for this here case.
"THE COURT: It appears to the Court that the defendant is deliberately planning to keep from going to trial. The motion for continuance will be denied.
"MR. ENGEL: Judge, may I have leave to withdraw based on what the 
"THE COURT: No, sir, I can't grant you that privilege."
In view of these facts, there can be no question but that the trial court's denial of appellant's motion for continuance was entirely proper since it was apparent that *632 appellant was deliberately attempting to keep from going to trial. The record clearly reflects that the appellant had ample time and opportunity to retain counsel. Not only did he have one month of freedom in which to hire trial counsel, but even after he discharged the attorney who represented him at the pleadings, he had six day to engage new counsel. Appellant's excuse that he thought he was supposed to choose counsel on July 12th, is plainly incredulous in view of the facts. Earlier in the case appellant chose an attorney while he was free on bond. This fact conclusively proves that he knew it was not necessary to appear in court to choose an attorney.
In Maistrosky v. Harvey, Fla.App. 1961, 133 So.2d 103, the appellate court was called upon to review an order of the trial court denying a motion for continuance of the trial upon the ground that a particular attorney who had handled a previous trial of the cause was not available on that date. The appellate court held that no abuse of discretion was shown because there was no showing that other fully competent professional service was unavailable.
The principle is applicable here although the alleged basis for appellant's actions is different. Here the appellant failed to secure counsel and sought to delay his trial by the expedient of waiting until he was in court to announce the discharge of his previously employed counsel and seek then to secure a continuance until he had selected a new one.
A great deal of publicity has been given to the right to counsel at trial of those unfortunate defendants who are unable to secure legal representation. The legislature of this State has attempted to provide adequate counsel for those who are insolvent and thereby unable to secure legal representation by the enactment of a public defender statute. §§ 27.50-27.58, Fla. Stat., F.S.A. The courts have earnestly sought to carry forward this purpose and to require a full compliance with the requirement that every person accused of a crime shall have a full opportunity to secure counsel of his own choice or, if that is not possible, to see that such person is furnished competent counsel by the court.
In our view, this appellant does not bring himself within either of these categories. Upon the other hand, when he discharged one attorney and failed to seek another, the court required an attorney, whom the defendant had selected for a habeas corpus proceeding, to proceed with the representation. There is no suggestion in the record that his legal representation was anything less than the best.
To hold that the trial judge was required to continue the trial under the circumstances of this record would be in our opinion a holding that defendant could at any time stymie the processes of the law until he saw fit to proceed.
Appellant's second point urges that because robbery is an "infamous crime" he may not be prosecuted under an information filed by the State Attorney because of the first clause of the Fifth Amendment to the Constitution of the United States. This clause has been held not to apply to prosecution for crimes in the state courts. Sawyer v. State, 94 Fla. 60, 113 So. 736, 740, and cases cited therein.
The amicus curiae in point one of his brief argues the sufficiency of the evidence to support the jury verdict. The only reference to proof of the corpus delicti is his contention that the court erred in allowing the State on re-direct examination to have the victim identify the property taken from him. A review of the record reveals that all the elements of the crime were established. See Bargesser v. State, 95 Fla. 401, 116 So. 11. As to proof of the corpus delicti, see Harper v. State, Fla.App. 1962, 141 So.2d 606.
The second and third points of amicus curiae are not supported by the record.
The fourth point charges misconduct on the part of the State Attorney. In *633 order that the point may be understood, it is quoted as presented in the brief:
"POINT NO. 4:
"That the verdict of the jury was decided by means other than a fair expresssion on the part of the jurors by reason of the misconduct on the part of the State Attorney, which misconduct was prejudicial to the defendant in the following respects: (a) That the State would recall the alleged victim as a witness to testify as to the identity of the property that was `seized;' and (b) in introducing testimony of a State witness that a person at the scene of the alleged robbery was hospitalized months after the date of the alleged robbery, without tieing-in such hospitalization as steming from or resulting from the alleged, robbery, which testimony was inflammatory and prejudicial."
It is apparent that part "a" of point 4 is a re-argument of matters contained in point 1. The part of the point designated "b" does not present error because the appellant first introduced the question of the witness' physical condition after the alleged robbery. Accordingly, the State was entitled to pursue the matter further on cross-examination. See Coco v. State, Fla. 1953, 62 So.2d 892.
Under his fifth point, the amicus curiae attempts to argue 23 assignments of error going to nine different subjects. Such a point violates Rule 3.7, subd. f(3) Florida Appellate Rules, 31 F.S.A. Nevertheless, we have examined the assignments listed and we find only one substantial question presented. That is whether the trial judge committed reversible error in announcing to the jury that one of the co-defendants had changed his plea from "not guilty" to "guilty". The court properly instructed the jury at that time that one defendant by changing his plea in no way altered the presumption that the other defendants were innocent unless proved guilty. No motion for mistrial was made, and we do not think that the record is susceptible to the inference that the appellant was prejudiced. See Grisette v. State, Fla.App. 1963, 152 So.2d 498.
The substance of amicus curiae's points 6 and 7 have been discussed under appellant's point one. The last contention to be considered is that the sentence was excessive. It is argued that because one of the participants in this crime received a lesser sentence than that received by appellant, this Court should reduce the legal sentence imposed.
The appellant, together with his two cohorts, armed with guns, invaded a private residence at night. They bound and gagged one of the residents of the private home. The defendants held the victims prisoner by force of arms in their own home. The Florida Statute denouncing the crime of robbery provides a penalty by imprisonment in the State prison for life or for any lesser term of years at the discretion of the court. This, coupled with the fact that there was a pretrial investigation which revealed other crimes committed by the appellant, completely destroys appellant's contention under this point.
Affirmed.