WIGGINTON, Judge.
Appellant, together with one William Joseph Tyre, was informed against in the Criminal Court of Record of Duval County, charged with the offense of robbery. Immediately before the trial commenced appellant’s codefendant, Tyre, pleaded guilty, and a jury was selected and sworn to try appellant only. Pursuant to a verdict of guilty, appellant was adjudged guilty and sentenced to a fifteen year term of imprisonment in the state prison. It is from that judgment of conviction and sentence that this appeal is taken.
Appellant’s sole point on appeal questions the correctness of the trial court’s ruling which denied his motion for a mistrial under the circumstances hereinafter mentioned.
After the jury in this case-was selected and sworn, a short recess was taken by the court prior to the commencement of trial. During this recess the court reporter who first commenced reporting the trial proceedings was scheduled to be replaced by another reporter. Before retiring from the courtroom the original court reporter told her replacement the proper heading for her recording tape, that the codefendant, Tyre, had pleaded guilty and the jury which had been selected and sworn to try the case against appellant was in the jury box. This statement was made close enough to the jury box to have been heard by members of the jury. Neither the trial judge nor the county solicitor were in the courtroom at the time, but counsel for appellant overheard the statement and apprehended that it had likewise been heard by members of the jury.
When court reconvened counsel for appellant, after requesting that the jury be excused, advised the trial judge of the statement which had been made by the court reporter to her replacement regarding the fact that appellant’s codefendant had already pleaded guilty to the offense with which both of them were charged in the information. Appellant’s counsel then promptly moved the court for the entry of an order of mistrial on the ground the statement made by the court reporter would *856 prejudice the minds of the jurors regarding the innocence of appellant, and would preclude him from receiving a fair and impartial trial. After interrogating the court reporter and informing himself as to the facts surrounding the occurrence, the trial court expressed the view that such statement by the reporter was not prejudicial nor would it affect appellant’s opportunity for a fair trial of the charge against him. The court thereupon denied appellant’s motion for a mistrial, which order forms the basis for this assault upon the judgment appealed.
We are of the view that the questioned ruling by the trial court has not been shown to have constituted an abuse of discretion, and his ruling should therefore be affirmed. The record of the trial proceedings reveals that appellant’s codefendant, Tyre, was called by the State as a witness against appellant. In preliminary direct examination he testified that he was the same person named as the codefendant in the information by which appellant was charged with the offense of robbery, to which charge he had entered a plea of guilty. We find nothing improper in this line of interrogation and no objection to it was made by appellant at the time it was made. From this evidence it affirmatively appears that the jury was fully informed as to Tyre’s participation in the crime and his plea of guilty to the offense with which he and appellant were jointly charged. Thereafter, Tyre testified fully as to the facts surrounding the robbery in which both he and appellant were active participants. From the record it cannot be reasonably contended that the statement made by the court reporter in the jury’s presence during the recess of the trial regarding the co-defendant’s plea of guilty had any unfair prejudicial effect on the minds of the jury, or that it prevented appellant from receiving a fair and impartial trial.
In the case of Grisette v. State of Florida[1] six defendants were jointly charged with the offense of grand larceny, of which only five were tried. After the trial commenced, and at a time when the jury had been withdrawn from the courtroom, three-of the five defendants changed their pleas, from not guilty to pleas of nolo contendere.. When the jury returned to the jury box and the trial resumed, the trial judge announced that three of the five defendants, had entered pleas of nolo contendere, and that the jury was not to consider the case-any further as to these men, but only as to the remaining two defendants, one of whom, was appellant.
On appeal it was contended that the-court’s announcement to the jury that three of the five codefendants had pleaded nolo-contendere during the course of the trial' had a prejudicial effect on the minds of the jury and prevented the remaining defendants from receiving a fair ánd impartial trial. In rejecting that contention, this, court said:
“It is appellant’s contention that the court’s statement to the jury that three defendants had entered nolo contend-ere pleas constituted harmful and prejudicial error as to the remaining defendants. It is argued that such statement had the effect of putting the jury on notice that since three of the defendants had pleaded guilty of the acts constituting the crime with which all were charged, the jury had no alternative but to convict the remaining defendants without regard to whether the evidence proved their guilt beyond a reasonable doubt. With this contention we cannot agree. It would be equally reasonable to contend that since three of the defendants had confessed responsibility for the crime, the jury had no alternative but to find that the remaining defendants were innocent and should be acquitted.
*857 “The trial jury is an essential arm of the court charged with the responsibility of performing an important function in the administration of justice. In order that it accomplish its intended purpose, it should not be required to operate in a partial vacuum. As men of intelligence, the members of the jury are entitled to know within proper limits the significance of developments which occur during the trial so long as the information imparted to them does not harmfully prejudice the right of the parties to a fair trial. We do not perceive that the statement made by the trial judge as quoted above cast any suspicion of guilt upon the remaining defendants. It is our view that the trial judge did not exceed the bounds of propriety by informing the jury as to the reason why three of the defendants were no longer involved in the outcome of the trial, and instructing it to confine its further consideration of the case only to the remaining defendants.”
The judgment appealed is affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Grisette v. State (Fla.App.1963), 152 So.2d 498, 499-500.