186 So.2d 56 (1966)
John MOORE, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-409.
District Court of Appeal of Florida. Third District.
March 8, 1966.
Rehearing Denied May 17, 1966.
Knight, Underwood, Peters & Hoeveler, Fred A. Jones, Jr., Miami, for appellant.
Earl Faircloth, Atty. Gen., Herbert P. Benn, First Asst. Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before TILLMAN PEARSON, BARKDULL and SWANN, JJ.
BARKDULL, Judge.
The appellant was charged with first degree murder, and seeks review of a jury verdict finding him guilty as charged with a recommendation of mercy, judgment and sentence accordingly.
Three points have been preserved for review: 1. The failure of the trial court to grant a severance. 2. That the court erred in informing the jury, immediately before closing arguments, that a co-defendant had pleaded guilty to first degree murder. 3. That the evidence was insufficient to support the verdict.
We find no error in the ruling of the trial judge on the motion for severance. See: Manson v. State, Fla. 1956, 88 So.2d 272; Rankin v. State, Fla. 1962, 143 So.2d 193; *57 Rollins v. State, Fla. 1963, 148 So.2d 274. We find ample evidence sufficient to sustain the jury's verdict. See: Di Bona v. State, Fla.App. 1960, 121 So.2d 192; Sharon v. State, Fla.App. 1963, 156 So.2d 677; Crum v. State, Fla.App. 1965, 172 So.2d 24. Therefore, we find no merit in the first and third points raised by the appellant. However, as to the second point, we find that the trial judge committed error under the circumstances of this case, which could have prejudiced the jury.
From the record on appeal, it appears that the appellant, John Moore, was a member of a group of youths who drove from Liberty City to Opa Locka [both in Dade County] on the night of October 11, 1964 in two automobiles. They parked alongside an apartment building. One Ozzie Smith got out of his car and began walking toward a nearby drive-in restaurant. He encountered a group of other youths and ran back to the car, indicating that they were going to "get him". Smith asked for a shotgun which Moore had in his lap. Several witnesses testified Moore handed the gun to Smith through the car window, although there is some conflict as to exactly which window was involved. After procuring the shotgun, Smith wheeled around, whereupon the other group of boys split up, fleeing in all directions. Smith pursued two of them who ran down a hallway of an adjacent apartment building. Smith fired the shotgun down the hallway, killing a 15-year-old girl bystander. Smith then returned to the cars and his group drove away. Smith and Moore were tried jointly upon an indictment charging them with first degree murder.
The evidence as brought forth prior to the plea by Smith clearly indicated that Moore was an aider and abettor, and since the adoption of § 776.011, Fla. Stat., F.S.A.,[1] it has not been necessary to the conviction of one who aids and abets to establish that the principal had already been convicted. Thus, there was no need for the court to announce the guilty plea of defendant Smith and, by doing so, only deprived Moore of a fair and impartial trial.
The appellant cites State v. Gargano, 99 Conn. 103, 121 A. 657. There the court held that the plea of guilty is, in effect, a confession and hearsay. The court pointed out that under a similar statute the accessory could be tried separately and could have been convicted whether or not the principal was convicted, and held that the admission of plea of guilty of the co-indictee with the defendant was harmful and a new trial was ordered. The judge advising the jury of defendant Smith's plea [which had been given in open court out of the presence of the jury] was hearsay and prejudicial.
In the case of Gray v. State, 221 Md. 286, 157 A.2d 261, it was held that it was error to announce the guilty plea as it tended to show the guilt of the remaining defendant. In a recent case, People v. Tunnacliff, 375 Mich. 298, 134 N.W.2d 682, it was held that the evidence of statements of another party regarding his guilt were not admissible because they could prejudice the jury. See: United States v. Toner, 3rd Cir.1949, 173 F.2d 140; Payton v. United States, 1955, 96 U.S.App.D.C. 1, 222 F.2d 794; Gaynor v. United States, 1957, 101 U.S.App.D.C. 177, 247 F.2d 583; State v. Gargano, supra; State v. Fox, 12 N.J. Super. 132, 79 A.2d 76; Commonwealth v. Tilley, 327 Mass. 540, 99 N.E.2d 749.
We find the cases cited by the State not to be applicable in the case at bar. The effect of the trial judge announcing to the jury:
* * * * * *
"* * * Gentlemen of the jury, the court is grateful to you gentlemen for your patience.

*58 "During the recess period the defendant Ozzie B. Smith has entered his plea of guilty to the charge of murder in the first degree and this accounts for his absence from the courtroom at this time.
"The case proceeds as the case of the State of Florida versus John Moore, defendant, and at this time, gentlemen, all of the testimony having been received, you have the opportunity to hear counsel in their final arguments and concluding summations in the case.",
could have no effect but to prejudice the appellant's right to a fair and impartial verdict.
Therefore, for the reasons above stated, the verdict, judgment, and conviction here under review is hereby reversed and this cause is remanded for a new trial.
Reversed and remanded for a new trial.
PEARSON, Judge (concurring in part and dissenting in part).
I agree that the judgment and sentence must be reversed, but I would hold the evidence insufficient to establish guilt of first degree murder and would direct that the defendant be retried on the lesser included offense of second degree murder. Moore's participation in the crime may have been an "act imminently dangerous to another, and evincing a depraved mind regardless of human life" because he went armed with a shotgun on a hoodlum's escapade, but there is no evidence in the record to establish participation in a premeditated design. See Alvarez v. State, 41 Fla. 532, 27 So. 40 (1899); Killingsworth v. State, 90 Fla. 299, 105 So. 834 (1925); Leavine v. State, 109 Fla. 447, 147 So. 897 (1933); Ryals v. State, 112 Fla. 4, 150 So. 132 (1933); State v. Peel, Fla.App. 1959, 111 So.2d 728.

ON REHEARING
PER CURIAM.
The State has filed a petition for rehearing, pointing out that our decision in this case should be controlled by the decisions in Grisette v. State, Fla.App. 1963, 152 So.2d 498, and Vitiello v. State, Fla.App. 1964, 167 So.2d 629.
In rendering our original opinion in this cause, these authorities were examined but found not to be applicable in the instant case, because in the cited cases no objection or motion was made for mistrial directed to the judge's remarks on the guilty plea of the other defendant; whereas, in the instant case objections and a motion for mistrial were timely made.
Therefore, not having overlooked these decisions referred to in the petition for rehearing and having examined the other matters raised thered, said petition be and the same is hereby denied.
NOTES
[1] "Principal in first degree.  Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense."