202 So.2d 883 (1967)
Roosevelt THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-764.
District Court of Appeal of Florida, Third District.
September 26, 1967.
Robert L. Koeppel, Public Defender and Marvin J. Emory, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and HENDRY, JJ.
PEARSON, Judge.
Roosevelt Thomas was found guilty of robbery after a jury trial and was sentenced to 20 years in the State Pentientiary. He has appealed his conviction and sentence. The only point presented on appeal urges that he was deprived of a fair trial by statements made by the prosecuting attorney during the voir dire examination and the repetition of these statements to the jury in the opening statement by the State. In each instance the appellant moved for a mistrial which was denied. Error is assigned upon the denial of the motions for mistrial.
It was agreed in the record between the trial court, the assistant state's attorney and defense counsel that when asked by a venireman whether the accomplices had been *884 excused from the charge of robbery the prosecutor said, "No, they have been convicted." Subsequently, the assistant state's attorney again told the jury that Roy Lee Baker, an alleged accomplice, had been convicted on his own trial.
We think that it is important to note that although objections were made to the statements, no rulings on the objections were made in the presence of the jury. Further, no instructions were given regarding the legal significance of the conviction of the co-defendants.
As a general rule, it is improper for a prosecuting attorney to disclose during trial that another defendant had been convicted or has pleaded guilty. This is because competent and satisfactory evidence against one person charged with an offense is not necessarily so against another person charged with the same offense. Each person charged with the commission of an offense must be tried upon evidence legally tending to show his guilt or innocence. See State v. Gargano, 99 Conn. 103, 121 A. 657 (1923); Gray v. State, 221 Md. 286, 157 A.2d 261 (1960); Cameron v. State, 153 Tex. Cr.R. 29, 217 S.W.2d 23; Annotation, 48 A.L.R.2d 1017.
In Moore v. State, Fla.App. 1966, 186 So.2d 56, a case strikingly similar to the instant one, the court announced to the jury, as an explanation for a recess during the trial, that the co-defendant had entered his plea of guilty. This Court reversed and said that the announcement by the court to the jury that the co-defendant had plead guilty to the charge prejudiced the appellant's right to a fair and impartial trial.
The announcement by the state's attorney in the instant case, that the co-defendant had been convicted on his own trial, could have no other effect than to prejudice the defendant's right to a fair and impartial trial. Therefore, the instant case must be reversed and remanded for a new trial.
Reversed and remanded.