PIERCE, Judge.
This is an appeal by Willie Walters, appellant herein, from a judgment of conviction and sentence to life imprisonment entered against him pursuant to a jury verdict of guilty upon trial for robbery.
The main question presented here is the sufficiency of the evidence to sustain the verdict of guilt. During the early morning of December 22, 1966, shortly before 2 A.M., two men, one masked and both armed with shotguns, entered the Holiday Inn Motel, located south of Bradenton on U.S. Highway 41, and forced their way into the private motel office, where at gunpoint they demanded money from two employes of the motel, a Mr. & Mrs. Curtis, who were doing their “night audit”. Approximately $380.00 was so taken, after which the bandits hurriedly left the premises. The local Sheriff’s office was immediately notified and given a physical and clothing description of the two men by the Curtises. Within about fifteen minutes the Manatee County officers observed an automobile being driven and occupied by two men in the direction of Bradenton not far from the scene of the holdup.
Although the two occupants of the subject car endeavored to crouch down so as to make their clothing less visible, the officers observed enough to raise reasonable suspicion that they were the men wanted. They were both young Negroes, one “wearing an orangish red shirt, the other wearing darker clothing, dark green clothing”, which matched the description given by the victims. The officers trailed their car until it came on to “a little narrow dirt road paralleling the railroad” where two other officers who had been radioed for help “came in from opposite directions”. There were “no lights in the vicinity” but by flashlight the officers again noticed the similar clothing description and also ob *616 served two shotguns in the car, one “in the back of the car laying across full length in the car” and the other “sticking out from under the right front seat under the feet” of the occupant.
The driver and occupant got out of opposite sides of the car and almost immediately the non-driver “ran between the two officers [on his side] and had left the scene”. It was later learned that the driver was one Jerome Dow. Defendant Willie Walters, the one who broke and got away, was so identified by Sarasota police officer Stone, who was in the process of arresting and searching him. Sarasota patrolman Struckert was aiding in the arrest and he also identified Walters at the trial.
No evidence was offered on behalf of defendant and the jury convicted. The evidence was ample and substantial to sustain the verdict. There was not even a conflict in the evidence. The contention that the evidence as a whole lacked substance is distinctly untenable.
The sole remaining point relied upon for reversal is that the Court erred “in permitting the prosecuting attorney to elicit testimony about an accomplice’s conviction”. The “accomplice” evidently referred to Jerome Dow. Deputy Sheriff Siver, one of the arresting officers, was asked at the trial whether he presently knew the whereabouts of Dow, and he answered: “Yes, sir, he is in Raiford, the State prison”. Officer Stone gave like testimony. Defendant Walters contends that “It is improper for a prosecuting attorney to disclose that another defendant has pleaded guilty or has been convicted.”
Four cases are cited here on behalf of Walters on this point: Grisette v. State, Fla.App. 1963, 152 So.2d 498; Vitiello v. State, Fla.App.1964, 167 So.2d 629; Moore v. State, Fla.App. 1966, 186 So.2d 56, and Thomas v. State, Fla.App. 1967, 202 So.2d 883.
In Moore, the trial Judge announced to the jury that a codefendant had entered a plea of guilty and that the prosecution was proceeding against Moore alone. The 3rd District Court held that such advice by the trial Judge “could have no effect but to prejudice the appellant’s right to a fair and impartial verdict”.
In Thomas, when asked if the accomplices had been excused from the charge, the prosecuting attorney said, “No, they have been convicted”. At a subsequent point in the trial, one of the prosecutors reiterated this information to the jury. The Moore and Thomas cases, both in the 3rd District Court, were reversed.
In Grisette the trial Judge explained to the jury that three of the five code-fendants had pleaded nolo contendere but that the State was proceeding against the remaining two.
In Vitiello the trial Judge announced to the jury that one of the codefendants had changed his plea from not guilty to guilty.
Both the Grisette and Vitiello cases, the first from the 1st District and the second from the 3rd District Court, were affirmed as against the contention in each case that the advice imparted to the jury by the Judge was prejudicial to the defendants on trial.
The affirmances in Grisette and Viti-ello and the reversals in Moore and Thomas came about, not so much from any substantial differences in the statements given to the jury by the trial Judge or prosecuting attorney, as to the fact that in Grisette and Vitiello no objections to the statements or motions for mistrial were made by defense counsel, whereas in both Moore and Thomas both such objections and motions were timely made. The 3rd District Court pointedly mentioned this in both the latter opinions to' distinguish them from Grisette and Vitiello wherein the point was not preserved.
In the case sub judice no objection was ever made to the testimony in question given by the officers, no motion for mis *617 trial was made, nor was there even any requested instructions to the jury made to disregard the questions and answers. Thus the posture of the instant case comes directly within Grisette and Vitiello.
Another distinction in the instant case is that while the officer-witnesses placed the accomplice Jerome Dow “at the State Prison in Raiford”, they did not in any way tie in his tenure there with the case wherein defendant Walters was on trial. In mentioning this, however, we intimate no approval of the testimony actually elicited from the officers. It is a character of testimony which should he" left unmentioned; otherwise legal danger would be encountered under Moore and Thomas, supra, the rationale of which we approve.
The judgement appealed from is accordingly—
Affirmed.
HOBSON, A. C. J. and MANN, J., concur.