DOWNEY, Judge,
concurring specially:
The most serious point raised on this appeal questions the propriety of allowing a person who was initially a co-defendant to testify that he pleaded guilty and has been sentenced to prison.
Appellant Loudd, Alfonso Cain and Toby Williams were charged in a single information with delivery of cocaine. Cain and Williams pleaded guilty and were sentenced prior to Loudd’s trial. Cain became a witness for the State during Loudd’s trial and testified at length about Loudd’s complicity in the drug transaction which was the subject matter of this prosecution. The prosecutor then questioned Cain concerning his guilty plea and ensuing sentence. Loudd moved for a mistrial which was denied, as was his request for a cautionary instruction.
Loudd contends on appeal that the admission of Cain’s testimony regarding his guilty plea and sentence prejudiced his right to a fair trial and is reversible error. Loudd relies upon Thomas v. State, 202 So.2d 883 (Fla. 3rd DCA 1967) and several other Florida cases which will be discussed hereafter. Without directly treating the Florida cases, the State argues that “the one common thread that runs through the doctrine appellant relies upon is the denial of the right of confrontation . . .”. My study of the authorities speaking to this question leads me to a different conclusion. While hearsay may be a proper objection in many of the cases in which this question arises, the harmful aspect of allowing the jury to know that a co-defendant or an accomplice has pleaded guilty is that the evidence is irrelevant to the guilt or innocence of the defendant on trial and could well be used by the jury to infer the guilt of the defendant in question. The general rule is that when two persons have been charged with the same offense but are tried separately, it is improper to disclose during trial that another defendant has been convicted or has pleaded guilty. This is because competent and satisfactory evidence against one person charged with an offense is not necessarily so against another person charged with the same offense. Each person charged with the commission of an offense must be tried upon evidence legally tending to show his guilt or innocence. Thomas, supra; Moore v. State, 186 So.2d 56 (Fla. 3rd DCA 1966); 22A C.J.S. Criminal Law § 784.
In the first Florida case treating this question, Grisette v. State, 152 So.2d 498 (Fla. 1st DCA 1963), the court held it was not improper for the court to advise the jury that several of the defendants had pleaded no contest and that the defendant had not been prejudiced thereby. In Vitiello v. State, 167 So.2d 629 (Fla. 3rd DCA 1964), the court likewise held no prejudice resulted from the court’s informing the jury that a co-defendant had changed his plea from not guilty to guilty. However, it was also found that the point had not been preserved. Furthermore, in Bocanegra v. State, 303 So.2d 429 (Fla. 2nd DCA 1974), the court held that it was not prejudicial error to have allowed a co-defendant who testified to state, over objection, that he pleaded guilty, because of the cautionary instructions given by the court. Likewise in Lowery v. State, 177 So.2d 855 (Fla. 1st DCA 1965), the court held that the trial court correctly denied defendant’s motion for a mistrial and that the defendant was not prejudiced because the jury overheard a statement that the co-defendant had pleaded guilty. In so holding, the court stressed that the co-defendant took the stand thereafter, testified as to his participation in the crime and that he had pleaded guilty. In Moore v. State, supra, the trial court advised the jury that a co-defendant had pleaded guilty during the trial. The District Court reversed, holding the information was irrelevant, hearsay and prejudicial, and that proper objection had been made. The authorities relied upon in Moore demonstrate that the prejudice to the defendant resulted from the spillover effect which such information would have on the defendant particularly because he was found guilty as an aider and abettor. In Thomas v. State, supra, the prosecutor twice advised the jury that defendant’s accomplices all had been convicted. Appellant twice moved for mistrial which was denied. Re *190 lying on the general rule quoted above, the District Court reversed because the defendant’s right to a fair and impartial trial had been prejudiced. Finally, in Walters v. State, 217 So.2d 615 (Fla. 2nd DCA 1969), the court refused to overturn a conviction where a deputy testified that an accomplice was in Raiford, the State prison. The court affirmed because neither an objection nor motion for mistrial had been made and because the testimony did not tie the incarceration to the subject offense.
The bottom line of these Florida cases is that the State may not show that a co-defendant or an accomplice pleaded guilty or was convicted because it is not relevant[1] and it may have a very prejudicial effect upon the determination of the guilt or innocence of the defendant. However, each case must be examined to determine whether the error has been preserved and, if preserved, whether the information was so prejudicial as to require reversal.
In the present case Cain testified at length as to the involvement of Loudd and himself in the drug scene and in the criminal episode charged in the information. The State’s inquiry about Cain’s guilty plea and sentence was irrelevant and subject to objection. At the least a cautionary instruction would have been appropriate upon proper motion. However, the error was harmless here because Cain’s testimony so clearly pointed to his own guilt as well as that of Loudd that the additional information regarding his guilty plea and sentence could not have unduly prejudiced Loudd. Lowery v. State, supra.
For these reasons I concur in the affirmance of the judgment and sentence appealed from.

. Of course in cross examining an accomplice as a witness for the State, the defendant would generally be entitled to show a conviction or a guilty plea for impeachment purposes.