DOWNEY, Judge.
Appellant, James Michael Lebrun, appeals from a judgment of conviction and sentence for trespass while armed and grand theft. The only question presented that necessitates discussion is appellant’s contention that the trial court committed reversible error in allowing the state to adduce the testimony of a codefendant’s lawyer that the codefendant had pled guilty and been sentenced.
Lebrun, and three other boys, Hendrix, Dailey and Molinare, were allegedly hunting wild hogs. Hendrix took Lebrun’s shotgun, went ahead of the others, and shot a cow and a calf. Later the cow was butchered and a hindquarter taken to Lebrun’s house, dressed out, and partially eaten. Le-brun gave a statement to the police describing his involvement in the affair.
Early in the trial the State called David Roth, Esquire, attorney for Dailey, who testified that he had represented Dailey; that Dailey had been subjected to the same charges as Lebrun and that Dailey had pled guilty and been placed on probation. He also testified the plea was not negotiated; it was a plea without any promises being made. Lebrun’s counsel was aware of what Roth would testify to so he objected to Roth’s taking the stand. He stated that he understood Roth would testify that “no deal” had been made with Dailey to exchange his testimony in this case for a plea. He contended that Roth’s testimony would be repetitious if Dailey also testified. He pointed out that if Dailey testified he was given a special deal that Roth’s testimony would only then become relevant.
The cases clearly state that it is generally improper for the State to disclose during trial that another has been convicted or has pled guilty. Thomas v. State, 202 So.2d 883 (Fla. 3rd DCA 1967). This rule is not to be confused with the rule allowing a defendant to show on cross examination that a codefendant has pled guilty or has similar charges pending against him. Fulton v. State, 335 So.2d 280 (Fla.1976). The latter rule, of course, bears on the witness’s credibility. Thus, in the present case it was improper for the State to adduce the testimony of the other defendant’s lawyer as to that defendant’s guilty plea. However, the objection made by defense counsel was not as to the proof of the other defendant’s guilty plea but rather to the cumulative *834 effect thereof, because defense counsel anticipated that Dailey would himself take the stand and testify to the same thing. Therefore, we hold that the objection was insufficient to apprise the trial court of the point now being made on appeal, i.e., that the jury should not have been told of the other defendant’s plea to the same charges.
As a matter of fact, Dailey did testify subsequently to his part in the affair and to the fact that he had pled guilty. No objection was made at that time either.
For the foregoing reasons, we find the appellant has failed to demonstrate reversible error.
AFFIRMED.
ANSTEAD and DELL, JJ., concur.