## LANDRY v STATE OF FLORIDA

### Case No. 89-0018-AC A02 (County Court Case Nos. 88-27596-TC A08 and 88-27597-TC A08)

Fifteenth Judicial Circuit, Palm Beach County

February 2, 1990

### APPEARANCES OF COUNSEL

**Ellen Morris, Esquire,** Assistant Public Defender, for appellant.

**Robert S. Jaegers, Esquire,** Assistant State Attorney, for appellee.

Before CARLISLE, MILLER, COHEN, JJ.

### OPINION OF THE COURT

J. CARLISLE, Circuit Judge.

BY ORDER OF THE COURT:

The issue in this case is the propriety of requiring defendant to proceed to trial without counsel.

Defendant was charged with Driving Under the Influence (DUI) and Driving While License Suspended or Revoked (DUS). At his arraignment on October 4, 1988, Landry told the judge he was going to get his own attorney. The case was scheduled for trial on November 29, 1988. On that date defendant told the judge he was not ready, that he needed an attorney, and that he was going to retain private counsel. The judge reset the case for January 10, 1989 and told defendant that he should have an attorney hired "instantly at best" so that the attorney had sufficient time to work on the case.

On January 10, 1989 defendant again appeared without an attorney. He stated he had suffered business reversals, had to discharge a number of employees two weeks before trial, and could not afford to hire an attorney. Judge Phillips then inquired as to what efforts he had made to hire an attorney. Defendant stated he worked with a person who had a similar charge and he had referred defendant to an attorney named Coyne, who was from Boca Raton. Defendant stated he had made no other effort to retain counsel. Judge Phillips then proceeded to try defendant's case.

*U.S. v Gates,* 557 F.2d 1086 (5th Cir. 1977), *U.S. v Terry,* 449 F.2d 272, 278 (5th Cir. 1971), and *Vitiello v State,* 167 So.2d 629 (3d DCA 1964), stand for the proposition that the trial court is well within its discretion when it refuses to grant a continuance to obtain counsel or to permit recently retained counsel to become familiar with the case, when the defendant neglected to obtain counsel within a reasonable time provided.

Defendant's eleventh hour allegation of inability to retain counsel makes no difference. A defendant who can afford counsel but fails to provide himself with one can be forced to trial. Likewise a defendant who could provide himself with court appointed counsel by timely apprising the court of his indigency can also be forced to trial, if he fails to advise the court.

Courts cannot allow themselves to be manipulated into granting continuances by the transparent ploy of appearing before the court on several occasions and asserting that private counsel would be retained and then showing up on the day of trial without counsel and claiming indigency. In this case counsel should have been retained early on, as the court advised defendant, prior to his having fallen on hard times, or defendant should have notified the court in a timely fashion of his

**19**

financial demise. Had he pursued either course, counsel could have been provided and the trial not delayed.

State witnesses take time off from work, interrupt their vacation, and otherwise inconvenience themselves to attend trial, only to be told on the day of trial that the case must be continued so appointed counsel can become prepared. Small wonder citizens are reluctant to "get involved." Small wonder they avoid service of process. The court do not have time to indulge this type of irresponsibility. AFFIRMED.

COHEN, J., concurs.

MILLER, J., dissents, without opinion.